**HAWKINS, Plaintiff-Appellee, v. CROSBY, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2280.   Decided November 18, 1954.

Paul Ziegler, Dayton, Sam Levin, Dayton, for plaintiff-appellee.

Scharrer, Scharrer & Hanaghan, Dayton, By Oscar B. Scharrer, Of Counsel, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court rendered in favor of the plaintiff upon her first cause of action set forth in the petition. A jury was waived and trial was had by the court, which rendered a separate finding of facts and conclusions of law This cause of action was grounded upon an alleged breach of a contract of employment which was entered into on April 30, 1952, and the said breach being committed on June 7, 1952.

In answer to the petition the defendant denied the execution of the contract and plead in the alternative that if such contract was executed by the parties, that the same was breached by the plaintiff herself by the soliciting of the defendant's employees to leave their employment to work for her in a competitive prospective business. The defendant also plead that on or about June 6, 1952, she negotiated a settlement in full of all claims with the plaintiff and which is a bar to this action. All new matters contained in the answer were denied by the plaintiff.

On the issues joined the court found that there had been no accord and satisfaction. This was a factual question and there being a conflict in the testimony on the same, we cannot say that the court erred in its conclusion.

The court further found that the plaintiff did not breach the contract as alleged, but on the contrary found,

"that plaintiff herein did not undermine defendant's business but on the other hand was trying to preserve plaintiff's business and undoubtedly if that were impossible, may have contemplated her own future, in considering the operation of another hospital."

This finding is amply supported by the record; hence it may not be said to be erroneous.

The defendant's first assignment of error claimed that the court erred in failing to find that the contract was void as being against public policy. This question was never raised in the court below and is being raised here for the first time. In an appeal on questions of law the reviewing court may consider only that which was considered by the trial court and nothing more. **Bennett v. Dayton Memorial Park & Cemetery Assn., 87 Oh Ap 123; 3 O. Jur. 2d, 38.**

It is next urged that the court committed prejudicial error in the admission of evidence which showed that the defendant sold the business, in which the plaintiff was engaged, several months after the alleged breach. The record reveals that the plaintiff admitted that prior to her discharge she had discussed with some of defendant's employees the matter of going into business for herself and said employees coming to work for her. The reason given by the plaintiff for this discussion was that the business was failing and the defendant was offering the same for sale. This evidence was admissible as it tended to cor-

roborate the plaintiff's testimony. We find no error in this assignment.

It is finally urged that the court should have granted the defendant a new trial upon the grounds of newly discovered evidence. In support of this assignment defendant has filed two affidavits in which she alleges that she is in possession of cancelled checks showing that between February 15, 1952, and April 26, 1952, in violation of the trust imposed in her, the plaintiff wrongfully took the sum of $1,146.90, which sum is due and owing to the defendant. The record reveals that the trial of this case was begun on April 25, 1953, and that these cancelled checks have all been in existence since April 26, 1952, and some prior thereto, and have been in the defendant's possession or her bank's, since their deposit. No cause is shown in the defendant's affidavits as to the reason, with due diligence, the same could not have been produced at the time of trial. A deposition of the plaintiff is offered in support of the motion but it fails to support the alleged grounds. The trial court was of the opinion that the evidence alleged to be newly discovered was in the possession of the defendant at the time of trial and that due diligence was not used to discover the same and produce it at the trial. The granting or refusing of a new trial on the ground of newly discovered evidence rests largely within the sound discretion of the trial court and when such discretion has not been abused reviewing courts should not interfere. Newly discovered evidence is other than that which might have been known before the termination of a trial had due diligence been used. **Domanski v. Woda, et al., 132 Oh St 208.**

We are of the opinion that the court properly exercised its discretion in overruling the defendant's motion.

Finding no error in the record, the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.