STANCATO, Plaintiff-Appellee, v. STANCATO et, Defendant-Appellant.

Ohio Appeals, Seventh District, Columbiana County.

No. 772. Decided October 27, 1958.

*Messrs. Riddle & Riddle,* for plaintiff-appellee.
*Mr. Fred Coope,* for defendant-appellant.

For further history see *Omnibus Index* in bound volume.

*Per Curiam.* This is an appeal on questions of law only from a finding and decree of the Common Pleas Court declaring

a trust as prayed for in plaintiff's petition. The defendant voluntarily entered his appearance in said action.

This being an action for declaration of a trust the motion of defendant to dismiss the appeal for want of jurisdiction over the subject matter was properly overruled.

There is evidence by which the trial court was justified in rendering its decree. This court cannot substitute its judgment for that of the Common Pleas Court.

Finding no prejudicial error having intervened in the Common Pleas Court the finding and decree is affirmed.

NICHOLS, P. J., and GRIFFITH, J., concur.

PHILLIPS, J., concurs in judgment.    ,

PHILLIPS, J., concurring.  In this opinion Peter Stancato, plaintiff in the Court of Common Pleas, who died during litigation therein, will be identified as plaintiff.  The executor of his estate who was substituted as party plaintiff and in whose name the case we review proceeded to trial in the court of common pleas will be known as executor.  Dominic Stancato, defendant in the court of common pleas, will be called defendant.

Plaintiff sued his brother, the defendant, "praying the establishment or recognition of the existence of a trust in favor of plaintiff in properties evidenced by a note, mortgage and deed"; and for an accounting, appointment of receiver, and equitable relief.  Title to the properties involved resided in defendant and were allegedly acquired by defendant from plaintiff by fraud.  Defendant denied fraud claiming that title to such properties were lodged in him as the result of a contract to support and maintain decedent during the remainder of his natural life.

A judge of the court of common pleas entered judgment for the plaintiff declaring a trust as prayed for, from which judgment defendant appeals to this court on questions of law.

Defendant erroneously contends that the trial judge erred to his prejudice in overruling his demurrer to plaintiff's petition in which plaintiff inter alia alleged that he was ill and defendant:—

"* * * did engage himself in a course of conduct so designed as to gain undue influence over the plaintiff, and by wiles, arti-

fices and false and fraudulent misrepresentations to said plaintiff, falsely and fraudulently induced the said plaintiff to sign a certain warranty deed, endorse the aforesaid promissory note and assign the aforesaid mortgage deed conveying all the premises and rights herein described in Exhibit 'A' and 'B' to the defendant.

"* * * said conveyances were made without consideration and were wholly fraudulent, and were conceived and carried out by the defendant, Dominic Stancato, as a part of a plan to defraud the plaintiff out of his just and legal property which he owned."

Defendant contends erroneously that such allegations were simply a statement of conclusions and in no way can be said to appraise the defendants of the claims made by the plaintiff.

Concerning the oral agreement between the parties Attorney Guy Mauro testified:—

"* * * So it was agreed that Pete would deed his real estate to Dominic and he would assign the note and mortgage that he held on Ernest Cozza's property to Dominic, and the purpose of that was to place it in Dominic's hands, as his brother, to prevent any possibility of outside parties exerting undue influence * * *.

"* * * we discussed the possibility of Dominic passing off and then having his widow and children to contend with in that event so far as Pete's property was concerned. So the thing that was finally agreed upon was that Dominic would execute a will naming Peter the beneficiary to this real estate, to the mortgage, so that in the event of his death Pete would have some protection and get it back. Furthermore, it was agreed that Dominic and his son Albert was there at that time, incidentally, they were very emphatic about the fact that should Peter at any time change his mind about this particular set up that they would at no time object to reconvey the property and reconvey the mortgage to him."

In his journal entry the trial judge said inter alia:—

"And upon due consideration this court does find that an oral agreement was reached between the plaintiff's decedent, Peter Stancato, and defendant, Dominic Stancato, on or about August 27, 1949, and the substance of that agreement was the transfer of certain Toronto, Ohio, real estate and endorse-

ment and assignment of the Ernest Cozza note and mortgage deed by the plaintiff's decedent to the defendant. The consideration passing to the plaintiff's decedent was the making of a will, by Dominic Stancato, devising and bequeathing the aforesaid real and personal property to Peter Stancato, and perhaps some living comforts, and a trust agreement between the parties in the nature of an agreement to reconvey upon plaintiff's decedent's request; and that the defendant, Dominic Stancato, failed, neglected and refused to comply with the terms of their agreement relative to consideration and that little, of any, valuable consideration moved to the plaintiff's decedent, Peter Stancato, from defendant, Dominic Stancato, to support the transfer and conveyance of the Toronto, Ohio, real estate and endorsement of the Ernest Cozza note and mortgage deed, that the instruments in question, although absolute in form, were executed upon consideration that the property transferred and conveyed was to be held in trust for the grantor, Peter Stancato, and to be reconveyed on demand.'' (Sic)

Defendant contends that the trial judge erred to his prejudice ''in finding that a contract of trust was executed between Peter Stancato (plaintiff) and Dominic Stancato (defendant).''

Executor contends:—

''1. That a contract of trust existed between the parties;

''2. That defendant failed, neglected and refused to comply with the terms of the agreement as applicable to him;

''3. That the power to revoke and demand reconveyance by Peter Stancato was a valid part of the contract;

''4. That the entire transaction created and resulted in a trust relationship; and

''5. That defendant, Dominic Stancato, therefore, holds the deed for Toronto, Ohio, real estate and the Ernest Cozza note and mortgage deed, or all money derived therefrom, in trust for the Estate of Peter Stancato, deceased.''

Now as to defendant's assigned ground of error that the trial judge erred to his prejudice ''in judging and decreeing that a constructive trust existed'' it is said in 40 Ohio Jurisprudence, Section 76, Page 240, that:—

''A constructive trust is one which courts of equity declare to exist as a means of prevention or correction of fraud or prevention of unjust enrichment.''

I find no merit in this assigned ground of error.

With reference to whether the judgment of the trial court is against the manifest weight of the evidence the case of *Hill* v. *Irons,* 160 Ohio St., 21, syllabus 1, states:—

"In order to engraft a trust upon an absolute deed, the declaration of such trust must be contemporaneous with the deed, and the evidence relied upon must be clear, certain and conclusive and must establish the existence of the trust beyond a reasonable doubt. (*Russell* v. *Bruer,* 64 Ohio St., 1, followed.)"

I am of the opinion that the evidence supports the judgment and decree of the trial judge that a constructive trust existed.

The trial judge did not err to defendant's prejudice in overruling defendant's motion for a new trial for any assigned reason.

I find nothing in the record that meets the requirements for granting defendant a new trial listed in the syllabus in the case of *State* v. *Petro,* 148 Ohio St., 505, cited by defendant, which would warrant reversing the judgment of the trial court on the ground he erred to defendant's prejudice in overruling his motion for a new trial on the ground of newly discovered evidence.

In 30 Ohio Jurisprudence, Section 43, Page 74, it is stated:—

"The courts, however, are properly cautious in granting new trials upon the ground of newly discovered evidence; new trials on this ground are not favored."

In 30 Ohio Jurisprudence, Section 44, Page 76, it is stated:—

"An application for new trial upon the ground of newly discovered evidence is sharply scrutinized from the standpoint of diligence."

In the case of *Rasche Co.* v. *Reese,* 13 Ohio Law Abs., 96, the syllabus reads:—

"Newly discovered evidence in order to be ground for a new trial, must not only have been discovered since the trial, but it must be such that with reasonable diligence it could not have been secured at the time of trial."

In the case of *Hawkins* v. *Crosby,* 71 Ohio Law Abs., 82, the fourth paragraph of the syllabus reads:—

"Newly discovered evidence is evidence other than that which might have been known before the termination of the trial had due diligence been used and where the evidence alleged to be newly discovered was in possession of defendant at the time of trial and due diligence was not used to discover such evidence and produce it at such time, a motion by defendant for a new trial upon the grounds of newly discovered evidence was properly overruled."

The trial court had jurisdiction over the persons of the defendants and under authority of the fourth paragraph of the syllabus in the case of *Gustafson* v. *Buckley*, 161 Ohio St., 160, could render a judgment in personam against them which would effectively determine their rights to the involved real estate situated in a county other than that in which the judgment was rendered, which disposes of the contention of want of jurisdiction.

It is obvious from what I have said that the judgment of the court of common pleas should be and is affirmed.