OPINION
Appellant Ronald Riegel is appealing the decision, of the Delaware County Court of Common Pleas, that denied his motion for new trial. The following facts give rise to this appeal.
On February 23, 1996, a jury convicted appellant of two counts of aggravated trafficking in drugs for one count of trafficking in etorphine and one count of trafficking in hydrocodone. The state presented videotape evidence, at appellant's trial, which showed appellant receiving money from the state's informant, Arthur Trickey, and in exchange, giving Mr. Trickey a bottle of etorphine. The video tape also showed Mr. Trickey and appellant discussing the sale of vicodin to bikers. Following his conviction, appellant filed a motion for judgment of acquittal or for a new trial. The trial court overruled appellant's motion. Appellant appealed to this Court[1]. We affirmed appellant's conviction on March 17, 1997.
On February 4, 1998, appellant filed a motion for new trial alleging new evidence existed that the state's informant, Mr. Trickey, admitted to lying during the trial. This newly discovered evidence consisted of four affidavits from people who claim Mr. Trickey bragged to them that he put appellant away with etorphine he purchased in Michigan. The trial court conducted a hearing on appellant's motion on March 6, 1998. On June 25, 1998, the trial court denied appellant's motion for new trial.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT'S STATEMENT IN ITS JUDGMENT THAT THE "FAILURE TO FILE A MOTION FOR LEAVE TO FILE A DELAYED MOTION FOR NEW TRIAL WAS GROUNDS TO DENY THE INSTANT MOTION." (SIC) WAS ERROR AS IT WAS SPECIFICALLY CONTRARY TO THE FINDING AND RULING MADE BY THE TRIAL COURT AT THE TIME OF THE ORAL HEARING ON MARCH 6, 1998.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO SUSTAIN DEFENDANT'S MOTION FOR NEW TRIAL, BASED ON THE FACT THAT THE STATE'S KEY WITNESS, ARTHUR TRICKEY, HAD PROVIDED PERJURED TESTIMONY AT THE TRIAL AND THEN BRAGGED ABOUT IT TO OTHERS.
 A) WHEN THE NEWLY DISCOVERED EVIDENCE DEMONSTRATES THE THE (SIC) CONVICTION WAS OBTAINED BY USE OF PERJURED TESTIMONY THE STATE V. PETRO
[(1947) 148 OHIO ST. 505] ANALYSIS FOR GRANTING A NEW TRIAL IS NOT APPLICABLE.
 B) EVEN IF THE PETRO ANALYSIS WERE APPLICABLE THE MOTION OF DEFENDANT SHOULD HAVE BEEN SUSTAINED.
 I
Appellant maintains, in his first assignment of error, the trial court erred when it stated, in the judgment entry denying the motion for new trial, that appellant's failure to file a motion for leave to file a delayed motion for new trial was grounds for denial of the motion. We disagree.
Although the trial court made this statement in its judgment entry of June 25, 1998, appellant directs our attention to a statement the trial court made at the hearing conducted on appellant's motion. The trial court stated:
 This particular procedure is under the law, is kind of an odd procedure as counsel knows, at this stage of the proceedings, with the trial having been when it was, I'm treating this as a motion for leave to file a motion for new trial, which is sustained so, now, I have before me your motion for new trial. Tr. Hrng. Motion New Trial, March 6, 1998, at 2.
Appellant claims the language contained in the trial court's judgment entry contradicts the above statement made by the trial court at the hearing conducted on appellant's motion for new trial. We find the statement contained in the trial court's judgment entry merely explains the procedure a defendant is to follow when filing a motion for new trial beyond the one-hundred twenty-day period provided for in Crim.R. 33 and notes that appellant failed to follow this procedure. However, the trial court proceeded to address the issues raised in appellant's motion for new trial. Therefore, we find the argument appellant raises on appeal is moot because the trial court addressed the merits of appellant's motion.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court abused its discretion when it overruled his motion for new trial. We disagree.
A motion for new trial is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. State v.Xie (1992), 62 Ohio St.3d 521, 526. It is based upon this standard that we review appellant's second assignment of error.
In the case of State v. Petro (1947), 148 Ohio St. 505, the Ohio Supreme Court held:
 To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. Id. at syllabus.
Appellant first argues, under his second assignment of error, that when the newly discovered evidence demonstrates the conviction was based upon perjured testimony, the analysis contained in the Petro case is not applicable. Appellant claims that since the facts of Petro did not deal with perjured testimony, Petro is inapplicable to the case sub judice. Appellant specifically argues that where due process issues involve the use of perjured testimony, a trial court should apply a less restrictive analysis of Petro.
Appellant has failed to cite any case law that supports this argument. We find the analysis contained in Petro applies to all motions for new trial based on newly discovered evidence irregardless of the nature of the evidence that a defendant claims is newly discovered.
Appellant next maintains, under his second assignment of error, that even if the Petro analysis is applicable, the trial court should have sustained his motion for new trial. Upon review of the record in this matter, we find the trial court did not abuse its discretion when it denied appellant's motion. Appellant challenges the trial court's ruling on the first, fifth and sixth prongs of the Petro analysis. The first prong of Petro requires that the new evidence must disclose a strong probability that it will change the outcome of the trial if a new trial is granted. We agree with the trial court's conclusion that this new evidence would not change the outcome of the trial because the existence of the video and audio tapes of the drug transaction most likely influenced the jury more than Mr. Trickey's testimony.
Under the fifth prong of the Petro analysis, the new evidence may not be cumulative to former evidence. The trial court found the evidence regarding Mr. Trickey's statements to be cumulative. We agree with the trial court's conclusion. Appellant merely seeks to attack Mr. Trickey's credibility which he did on cross-examination at trial. The sixth prong of Petro requires that the new evidence does not merely impeach or contradict the former evidence. A review of the affidavits and the testimony presented at the hearing establish that this new evidence is merely an attempt, by appellant, to impeach or contradict Mr. Trickey's previous testimony.
Based upon the above, we find the trial court did not abuse its discretion when it denied appellant's motion for new trial. Appellant was not able to satisfy the six-prong test contained inPetro.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
[1] State v. Riegel (Mar. 17, 1997), Delaware App. No. 96CAA-03-015, unreported.