JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Ronald L. Woods was convicted on three counts of complicity to receive stolen property and one count of engaging in a pattern of corrupt activity. Woods was sentenced to 18 months on each of the receiving-stolen-property counts, and to five to twenty-five years on the corrupt-activity count. Woods appealed his convictions to this court, which affirmed the judgment of the trial court.[1]
Woods then filed a petition for postconviction relief and a motion for new trial on December 1, 1997. Following a hearing on June 11, 1999, the trial court denied both the petition and the motion. Woods filed a timely notice of appeal to this court on July 16, 1999.
Woods raises two assignments of error. In the first assignment, Woods argues that the trial court erred in overruling his motion for new trial. In the second assignment, Woods asserts that the trial court erred in denying his petition for postconviction relief without an evidentiary hearing. For the sake of clarity in our analysis, we consider the second assignment of error first.
As noted in the procedural history of the case set forth above, the trial court did hold a hearing on both the petition for postconviction relief and the motion for new trial. Woods argues that because his witness, Jennifer McPartland, was not allowed to testify at the hearing, it was not an evidentiary hearing as contemplated in R.C. 2953.21(E). We disagree. The evidence before the trial court consisted of, inter alia, the affidavit of Jennifer McPartland. Even if McPartland had been allowed to testify at the hearing, her testimony would not have provided any additional relevant information for the trial court's determination of the matters before it. Woods's second assignment of error is overruled.
In his first assignment of error, Woods argues that the trial court should have granted him a new trial primarily on the basis of the statements made in McPartland's affidavit. However, on the basis of expert testimony regarding McPartland's memory impairment due to epileptic seizures, McPartland was found incompetent to testify at Woods's trial, and she was declared unavailable as a witness. FBI Special Agent Thomas Mygrants had interviewed McPartland extensively regarding Woods's involvement in the criminal activity, and he was permitted to testify about McPartland's statements to him during those interviews.[2] In the first appeal, we affirmed the trial court's finding that McPartland was unavailable as a witness, and held that the trial court did not abuse its discretion in allowing Mygrants's testimony into evidence.[3]
Now, two years after his appeal on the merits and nearly five years after his trial, Woods asks this court to grant postconviction relief or a new trial on the basis of an affidavit by McPartland in which she states that Mygrants's testimony was erroneous, and that the incriminating statements attributed to her were never made. Woods has failed to lay any foundation for, or to introduce, any evidence tending to establish his assertion that McPartland is now competent to testify to the events that transpired during her employment with Woods. Absent such evidence, the trial court's finding of incompetence and our affirmance of that finding is still binding. With absolutely no evidence offered by Woods that McPartland's memory had been rehabilitated in the intervening years, the trial court had no choice but to consider her affidavit only as impeachment evidence. The trial court then concluded that this evidence was not outcome-determinative, and therefore did not warrant the relief requested.[4] We agree. Our review of the record reveals that, even without Mygrants's testimony regarding McPartland's corroboration of Woods's involvement in the criminal activity, there existed substantial, credible evidence to support Woods's convictions.[5] Woods's first assignment of error is overruled.
In sum, we hold that the trial court did not abuse its discretion in overruling Woods's requests for postconviction relief and a new trial. McPartland was not shown to be a competent witness, and therefore her affidavit could only be considered as impeachment evidence. Furthermore, McPartland's testimony would not have changed the outcome of the trial since there was overwhelming independent evidence of Woods's culpability.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
[1] State v. Woods (Sept. 5, 1997), Hamilton App. No. C-950954, unreported.
[2] Evid.R. 804.
[3] State v. Woods, supra.
[4] State v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus.
[5] State v. Brumback (1996), 109 Ohio App.3d 65, 86,671 N.E.2d 1064, 1077 (trial court did not err in denying motion for new trial where newly discovered evidence would have merely impeached the credibility of a witness but would probably not have altered the result of the trial).