JOURNAL ENTRY AND OPINION
This appeal arises from the denial of Appellant's Motion for Leave of Court to File a Delayed Motion for a New Trial. This is appellant's fourth attempt to accomplish that end.
On February 5, 1987, appellant Donald Richard, Sr. was indicted for aggravated murder, and having a weapon while under disability. Both parties stipulated to a bifurcated trial, wherein the murder charge was to be tried to a jury and the weapon while under disability charge was to be tried to the court. Thereafter, the state amended count one to murder with a gun specification.
On April 24, 1987, a jury found appellant guilty of murder (R.C. 2903.02) with a firearm specification, as charged in the indictment. Subsequently, the court found appellant guilty of having a weapon while under disability (R.C. 2923.13) with a firearm specification, as charged in the indictment. Appellant then filed a motion for a new trial in which he alleged that the trial court erred in its instructions to the jury. The court denied this motion.
On May 7, 1987, appellant was sentenced to prison for consecutive terms of fifteen years to life on the murder charge, plus three years for the firearm specification, and three to five years on the weapon disability charge. Appellant's conviction and sentence was affirmed by this court. State v. Richard (Oct. 20, 1988), Cuyahoga App. No. 54228, unreported.
Thereafter, on January 4, 1990; May 3, 1991; May 11, 1992; July 8, 1992; December 11, 1995; January 5, 1996; and February 6, 1996, appellant filed motions for post-conviction relief; all of which have been denied, the appeals having been either affirmed or dismissed.
In addition, on December 26, 1990 and November 21, 1991, appellant filed motions for a new trial based on newly discovered evidence, Crim R. 33(B). The trial court denied both motions. The trial court's denial of appellant's December 26, 1990 motion was affirmed by this court. State v. Richard (Dec. 5, 1991), Cuyahoga App. No. 61730, unreported.
Again, on October 3, 1997, appellant filed a Motion for a New Trial based on the claim of newly discovered evidence. On October 15, 1997, appellant's motion was denied. The trial court's finding was affirmed by this court. State v. Richard (May 7, 1998), Cuyahoga App. No. 73499, unreported. In addition, this court denied appellant's App.R. 25 motion to certify a conflict. Appellant's appeal to the Ohio Supreme Court was denied.
Furthermore, since 1988, appellant has filed thirteen affidavits of disqualification with the Ohio Supreme Court seeking to disqualify all judges of the Cuyahoga County Common Pleas Court from further proceedings regarding his case. In denying the thirteenth affidavit, Chief Justice Moyer stated that appellant's allegations "do not support a finding of bias, prejudice, or other disqualifying interest on the part of the judges" of the Common Pleas Court.
The case sub judice arises from the trial court's denial of appellant's Motion for Leave of Court to File a Delayed Motion for New Trial: Newly Discovered Evidence, Crim. R. 33(B), filed on June 22, 1999.
The facts of the underlying crime are stated in our initial review. See State v. Richard (Oct. 20, 1988), Cuyahoga App. No. 54228, unreported.
Appellant's sole assignment of error states:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR LEAVE OF COURT TO FILE A DELAYED MOTION FOR NEW TRIAL, WHERE MISCONDUCT BY OFFICERS OF THE COURT AND OTHERS MATERIALLY AND PREJUDICIALLY INTERFERED WITH APPELLANT'S FUNDAMENTAL RIGHT TO A FAIR AND IMPARTIAL JURY-TRIAL AS MANDATED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND THE TRIAL COURT FAILED TO MAKE THE DETERMINATION OF WHETHER APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERY OF NEW EVIDENCE WITHIN THE STATUTORY TIME. CRIM. R. 33(B).
A motion for new trial based upon newly discovered evidence must be filed within one-hundred-twenty (120) days of the end of the proceedings. Crim.R. 33(B). If the motion is not made within this time-frame, a defendant is required to request the trial court's leave to file a motion for a new trial. The defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from discovering the evidence within the one-hundred-twenty (120) day period.
Clear and convincing evidence is that measure of proof that is more than a preponderance of the evidence, but less than proof beyond a reasonable doubt. Clear and convincing evidence produces in the mind of the fact-finder a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990),55 Ohio St.3d 71, 74. This standard of proof requires more than a mere allegation that a defendant was unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial motion. State v. Kiraly (1977), 56 Ohio App.2d 37, 55.
Where there is competent and credible evidence supporting the trial court's decision, an appellate court should not substitute its judgment for that of the trial court. Schiebel, supra, at 74. The allowance or denial of a motion for a new trial is within the competence and discretion of the trial judge. The trial court's decision will not be disturbed absent a showing of an abuse of discretion. State v. Hill (1992), 64 Ohio St.3d 313, 333.
An abuse of discretion connotes more than a mere error of law or even an error in judgment. Abuse of discretion implies an arbitrary, unreasonable or unconscionable attitude on the part of the trial court. State v. Keenan (1998), 81 Ohio St.3d 133, 137.
In the case sub judice, appellant alleges a web of judicial and prosecutorial misconduct. In the affidavit attached to his Motion for Leave, appellant alleges a tenuous string of events that, in his mind, suggest judicial and prosecutorial misconduct. Appellant suggests that a former appellate judge conspired to plant a juror at appellant's trial. Appellant's allegation is based on appellant's own discovery that the judge and the victim's parents shared the same vacation destination. Appellant's affidavit further states that an alleged planted juror was a law student at the same school as the conspiring judge's son and, further, this juror was employed at ATT, the employer of the victim's brother as well. In addition, appellant's affidavit alleges a more intricate conspiracy regarding the prosecution of his son, which for purposes of this case are irrelevant.
Appellant fails to show how or why he was unavoidably prevented from obtaining the newly discovered evidence as required by Crim. R. 33(B). Assuming arguendo, appellant has presented evidence that is sufficient to meet a clear and convincing standard of proof showing he was unavoidably prevented form obtaining newly-discovered evidence within a one-hundred-twenty (120) day period, appellant's evidence does not rise to the standard that warrants the granting of a new trial. The evidence presented does not disclose a strong probability that it will change the result if a new trial is granted. See State v. Petro (1947), 148 Ohio St. 505.
Appellant's assignment of error is not well taken. Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and PATRICIA A. BLACKMON, J., CONCUR.
 ________________________ JAMES D. SWEENEY, JUDGE