DECISION AND JOURNAL ENTRY
Defendant William Kelly, II, appeals an order of the Medina County Court of Common Pleas that denied his motion for a new trial under Crim.R. 33. We affirm.
In January 1997, Defendant and two codefendants were tried on drug trafficking charges. The charges stemmed from a traffic stop, in which large quantities of drugs, including 20,000 doses of LSD, and money were found in the trunk of a car in which Defendant was a passenger. Defendant was convicted of one count of trafficking in drugs and one count of aggravated trafficking in drugs. Defendant appealed his convictions to this court, and we affirmed the trial court. State v. Kelly (Mar. 25, 1998), Medina App. No. 2670-M, unreported.
On June 18, 1999, Defendant moved the trial court for leave to file a motion for a new trial under Crim.R. 33(A)(6). The trial court granted the motion and held a hearing on December 10, 1999. One of the codefendants, Nial Napier, testified at the hearing that Defendant could not have known about the LSD in the trunk of the car. The trial court denied Defendant's motion on January 19, 2000. Defendant timely appealed to this court.
In his sole assignment of error, Defendant argues that the trial court erred by denying his motion for a new trial. We disagree.
Under Crim.R. 33(A), a defendant may move for a new trial if one of six grounds is present. One of these grounds is "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6).
 To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
 State v. Petro (1947), 148 Ohio St. 505, syllabus. "If any one of the requirements is not met, the motion must be denied." Hudson v. Patel (Dec. 24, 1997), Summit App. No. 18434, unreported, at 7.
A trial court's ruling on a motion for a new trial will not be disturbed absent an abuse of discretion. State v. Haddix
(1994), 93 Ohio App.3d 470, 480. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
At trial, Defendant testified that he had no knowledge of the LSD in the trunk of the car. At the hearing, Napier testified that Defendant could not have known about the LSD in the trunk of the car because he (Napier) hid the LSD under the carpet in the trunk without the knowledge of Defendant or the other codefendant.
We conclude that the trial court did not abuse its discretion. Napier's testimony is cumulative to evidence already presented at trial and does not disclose a strong possibility that a new trial would produce a different result. Because the first and fifth requirements of the Petro test are not met, the trial court's denial of Defendant's motion for a new trial was not an abuse of discretion.
Defendant's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.