OPINION
Defendant-appellant Mark Robinson appeals from the trial court's denial, without a hearing, of his motion for a new trial. We conclude that the trial court reasonably found that the newly discovered evidence could, with due diligence, have been discovered before trial. We also conclude that the trial court reasonably found that the newly discovered evidence would not be likely to change the result if the new trial were granted, because it is not inconsistent with the defendant's guilt. Accordingly, the judgment of the trial court is Affirmed.
 I
Robinson was charged by indictment with Attempted Murder and Felonious Assault. Both charges involved the same victim. A jury found Robinson guilty on both charges. The trial court found the two charges to be allied offenses of similar import, and the State elected to stand on the Attempted Murder conviction. Robinson was sentenced accordingly. Robinson appealed, and this court affirmed.
In September, 1997, Robinson moved for a new trial, pursuant to Crim.R. 33(B), on the grounds of newly discovered evidence. He set forth his grounds for the motion in a supporting memorandum, as follows:
 Rule 33 of the Criminal Rules provides for a motion for new trial within 120 days of the time of the verdict date of June 23, 1997 on the grounds of newly discovered evidence. As the court will recall Mr. Robinson's witness Ed Brooks testified that Mark was at the Upper Valley Mall at the time of the commission of the crimes by someone else. The incident was significant because Sheri Gibson was arrested for forgery that day and Sheri had been with Mark and Ed. The jury may have discounted the testimony because Mr. Brooks was a friend of the defendant.
 Counsel has now found out that a store clerk at J. C. Penney's recognized Mark and remembers him as being in the store on the day Sheri was arrested. J. C. Penney's security has a report on this incident but will not now cooperate or give up the name of the store clerk. Counsel had her name at one time but did not write it down in anticipation of receiving the store report and calling her back. Penney's has now said it doesn't want their employee "harassed". It is not harassment for an innocent man, brought down by a guilty co-defendant, to want to get to the bottom of things. Counsel requests an oral hearing at which time the Penney's report can be subpoenaed. A second hearing may be necessary if the witness is not made present by Penney's. The oral hearing is necessary due to Penney's lack of cooperation.
 This newly discovered evidence is crucial to the defendant's case and will demonstrate that defendant is entitled to a new trial.
 Thereafter, Robinson requested a hearing on his motion. The trial court denied Robinson's motion for a new trial, without a hearing, in an entry, the full text of which is as follows:
 Defendant's motion for a new trial suggests there is collaborating [corroborating] evidence that he was at the J.C. Penny [sic] Company on October 13, 1996. At the trial defendant presented evidence that he was at that location sometime after 4:00- 4:30 p.m. on October 13, 1996. There is nothing to show the defendant could not have, with reasonable diligence discovered and produced this evidence at trial.
 In reviewing the facts of this case, the time of the crime was undetermined. The victim's body was discovered late on the afternoon in question.
 Since the crime occurred earlier, cumulative evidence that the defendant was at J.C. Penny [sic] Company in the late afternoon does not establish alibi or alter the jury verdict that the defendant is guilty beyond a reasonable doubt.
 THEREFORE, based on the above reasoning defendant's motion for a new trial is OVERRULED.
 From the denial of his motion for a new trial, without a hearing, Robinson appeals.
II
Robinson's sole assignment of error is as follows:
 THE TRIAL COURT ERRED BY REFUSING TO GRANT APPELLANT A NEW TRIAL.
 Robinson predicated his motion upon Crim. R. 33(A)(6), which provides as follows:
 (A) Grounds. A new trial may be granted on motion of defendant for any of the following causes affecting materially his substantial rights:
* * *
 (6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to produce such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
 Robinson cites State v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, for the proposition that, in order to obtain a new trial based upon newly discovered evidence, a defendant must show that the new evidence: (1) is likely to change the result if the new trial is granted; (2) was discovered after the trial; (3) could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to the former evidence; and (6) does not merely impeach or contradict the former evidence. Robinson argues that the evidence of the newly discovered witness, Christy Attis, is not cumulative with his other alibi witness because, unlike the alibi witness he presented at trial, Attis was neutral to him, at best, because she observed him when she was a store clerk and Robinson's female companion was arrested for forgery.
The State argues that this evidence could, with reasonable diligence, have been discovered and produced at trial. The State argues, and we agree, that Robinson could have found out about the existence of the J.C. Penney store clerk from Sherri Gibson, with whom Robinson was friends, before trial, and could have compelled her testimony. We agree with the trial court's conclusion that Christy Attis's evidence could have been obtained before trial, had Robinson exercised due diligence.
Furthermore, we also concur with the trial court's conclusion that Attis's testimony would not be likely to change the result if a new trial were granted. According to Robinson, Attis would testify that she observed Robinson at the mall at 5:41 p.m. in the afternoon. A witness for the State, Kimberly Bills, last saw the victim unharmed at 1:30 or 2:00 p.m. that afternoon.
The victim was found pinned under a dumpster outside an apartment building in the vicinity of 19 S. Lowry Avenue. That address is approximately three miles from the Upper Valley Mall, where the J.C. Penney's store is located at which Christy Attis allegedly saw Robinson. A person could have committed this crime at 5:00 in the afternoon, or later, and still have been observed at 5:41 at the Mall. Accordingly, we agree with the trial court's conclusion that Christy Attis's testimony, assuming it were fully credited, would not be likely to change the verdict in this case.
We agree with the trial court's reasoning in denying Robinson's motion for a new trial. Robinson's has not demonstrated any basis upon which he could have obtained a new trial, had the trial court held a hearing on his motion. Accordingly, Robinson's sole assignment of error is overruled.
 III
Robinson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.