DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Margaret Butler has appealed from an order of the Summit County Common Pleas Court that denied her motion for a new trial. This Court affirms.
 I.
On November 1, 1993, Defendant's seven-year old son, Jeremy, sustained deep bruises and multiple tears in his anus and rectum. Defendant was indicted on one count of felonious sexual penetration and one count of child endangering. Defendant entered a plea of not guilty, and the case proceeded to trial before a jury. On April 4, 1994, the jury returned a verdict of guilty on both counts. Defendant appealed the verdict, which this Court affirmed. See State v. Butler (Feb. 8, 1995), Summit App. No. 16748, unreported. On July 25, 2000, Defendant filed a motion for a new trial, alleging newly discovered evidence. The trial court denied Defendant's request on August 4, 2000. Defendant has timely appealed, asserting one assignment of error.
 II.
The trial court erred by refusing to grant a new trial based on the newly discovered evidence of the victim's live testimony. The trial court's application of the "strong probability of a different outcome" standard was inappropriate for this case.
In her sole assignment of error, Defendant has argued that the trial court misapplied the appropriate standard for granting a new trial based on newly discovered evidence. Specifically, Defendant has asserted that the trial court should have granted her a new trial based on the "newly discovered" affidavit of Jeremy, wherein he averred that the family dog, Bugsy, penetrated his rectum. This Court disagrees.
Crim.R. 33(A) provides, in pertinent part, that:
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
 (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
Before a trial court may grant a defendant a new trial on the ground of newly discovered evidence, the defendant must show that the evidence (1) discloses a strong probability that a new trial will yield a different result, (2) has been discovered since trial, (3) could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. Statev. King (1989), 63 Ohio App.3d 183, 191, citing State v. Petro (1947),148 Ohio St. 505, syllabus. All of these requirements must be satisfied in order for a new trial to be granted.
The granting of a motion for a new trial is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. See State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Bresson (1990), 51 Ohio St.3d 123, 129.
During the investigation of the instant case, Jeremy gave conflicting statements to the individuals who examined him. First, Jeremy told the resident at the hospital that Bugsy attacked him. Jeremy later told the doctor that he could not remember what happened. Next, Jeremy told the police officers that Bugsy hurt him and to ask his mom. While visiting the social worker, Jeremy stated that his mom got a little bit out of control and stuck something up his rectum. When Jeremy spoke at trial, he was uncooperative.[1] Jeremy would not acknowledge that he would tell the truth. He further denied any injury to his rectum. Lastly, he stated that neither Bugsy nor his mom hurt him.
Now, approximately seven years after the trial, Jeremy has signed an affidavit upon which Defendant has offered as newly discovered evidence in support of her motion for a new trial. In his affidavit, Jeremy avers that:
 Bugsy attacked me from behind, pushing me onto my hands and knees. He put his front paws on my shoulders. I kept telling him to get off me and using one hand (sic) trying to push him off but I was too little.
 I don't remember what I was wearing or how long it took for the dog to penetrate me. The dog quit on his own. I know for sure that I was crying after that.
After reviewing all the evidence in the record, this Court concludes that Defendant's motion offers no new revelations and fails to meet the requirements of newly discovered evidence. During the investigation, Jeremy stated that Defendant was not responsible for causing the harm to his rectum. His affidavit merely elaborates the details of what he has told investigating officials in the past.
Defendant has argued that the affidavit would prove that Jeremy's previous statements to the social worker lacked credibility; however, this Court notes that his statements were already conflicting prior to the trial. During the investigation, Jeremy had told officials that Bugsy was the one who hurt him. Although his affidavit may be more detailed about the attack, it does not contain any evidence that could not have been discovered prior to trial.
Finally, the evidence does not disclose a strong probability that a new trial would yield a different result. Several witnesses testified that Jeremy's injuries were the worst injuries of this nature that they had ever seen. There were photographs of the rectal tears and bruises. Furthermore, there were no marks on Jeremy's body even though it would not be possible for the dog to sexually penetrate Jeremy without restraining him, and the evidence indicated that Bugsy had long claws. Although there was dog sperm in Jeremy's rectum, there was no evidence of any dog hair. Based on the foregoing, it is unlikely that Jeremy's averments, that Bugsy sexually penetrated him, would yield a different result. The evidence established that Jeremy's injuries were caused by brutal human-initiated sexual penetration. Accordingly, the trial court did not abuse its discretion by denying Defendant's motion for a new trial. Defendant's argument is without merit.
 III.
Defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., CONCURS
BAIRD, J., CONCURS IN JUDGMENT ONLY
[1] Defendant has stated in his brief that Jeremy was incompetent to directly testify at trial. A review of the record reveals that the State did not call Jeremy to testify. Instead, Defendant's trial counsel called Jeremy to the stand on Defendant's behalf. The trial court allowed Jeremy to take the stand; however, he was not under oath. Jeremy did not respond to the majority of the questions that Defendant's attorney asked. Lastly, this Court declines to address what evidence would be admissible at a new trial because, as discussed infra, Defendant did not satisfy the requirements for a new trial.