OPINION
Defendant-appellant, Solomon T. Sheridan, appeals the March 29, 2001 decision and entry of the Franklin County Court of Common Pleas, denying his motion for a new trial. For the reasons that follow, we affirm.
On January 8, 1993, appellant was indicted by the Franklin County Grand Jury on one count of aggravated murder, in violation of R.C. 2903.01, and one count of tampering with evidence, in violation of R.C. 2921.12 for the January 1, 1993 death of his wife, Deborah Sheridan. On February 5, 1993, appellant pleaded not guilty and the case was tried before a jury. On July 27, 1993, the jury found appellant guilty of tampering with evidence, but they were unable to reach a verdict on the count of aggravated murder. On March 8, 1994, appellant's case was retried before a jury. On March 11, 1994, the jury found appellant guilty of aggravated murder. On March 15, 1994, the trial court sentenced appellant to twenty years to life on the aggravated murder count and a two-year determinative sentence on the tampering with evidence count to be served consecutively. Appellant filed a timely appeal before this court in which we affirmed both his conviction and his sentence.[1]
On September 18, 1996, appellant filed a petition to vacate or set aside conviction and/or sentence and a motion for expert assistance and motion for appointment of counsel. The state opposed appellant's petition and motion. On December 20, 1996, the trial court denied both the petition and the motion without an evidentiary hearing. Appellant filed a second appeal before this court, in which we affirmed the judgment of the trial court.[2]
On May 18, 1998, appellant filed a motion for a new trial on the grounds of newly discovered evidence. Appellant alleges in his motion for a new trial that although his wife's Public Employees' Retirement System ("PERS") records were provided to his defense counsel at the first trial, those records were not made available to his defense counsel at the second trial. Appellant argues that the state's witness, Evelynn Street, Director of Human Resources, Payroll, and Benefits for the Bureau of Workers' Compensation, provided false testimony and false evidence regarding such records. Appellant argues that because defense counsel did not know of the PERS records at the time of the second trial, this constituted newly discovered evidence and, as such, a new trial should be granted. On June 5, 1998, the state opposed appellant's motion for a new trial. On November 2, 1998, the trial court overruled appellant's motion for a new trial. On May 14, 1999, appellant filed a second motion for a new trial in which the trial court again denied on December 9, 1999. Appellant filed a third appeal before this court in which we affirmed the judgment of the trial court.[3]
On March 2, 2001, appellant filed a motion for reconsideration of sentencing and a third motion for a new trial based on newly discovered evidence. Attached to appellant's motion for a new trial was the affidavit of his oldest son, Solomon David Sheridan. Appellant requested a new trial in order for his oldest son to testify that he was present at home with appellant at the time Deborah Sheridan died, that appellant had nothing to do with her death, and that she committed suicide. On March 22, 2001, the state opposed appellant's motions. On March 29, 2001, the trial court filed a decision and entry denying appellant's motions. It is from this entry that appellant appeals, raising the following sole assignment of error:
 THE COURT COMMITTED REVERSIBLE ERROR AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW BY AFFIRMING JUDGEMENT [sic] OF CONVICTION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
In appellant's sole assignment of error, he challenges the sufficiency and weight of the evidence to support his conviction of aggravated murder and tampering with evidence. However, careful reading of appellant's brief reveals that he is challenging the trial court's denial of his motion for a new trial based on newly discovered evidence. Therefore, we will only address whether the trial court abused its discretion in denying appellant's request for a new trial based on newly discovered evidence.
On March 2, 2001, appellant requested a new trial based on newly discovered evidence. Specifically, appellant sought to introduce the affidavit of Solomon David Sheridan, appellant's oldest son, to demonstrate that his son, who was ten years old in 1993, was present at the house at the time of his mother's death. Appellant argues that he should be entitled to a new trial to allow his son the opportunity to testify on behalf of his father.
The standard of review on a motion for a new trial on the grounds of newly discovered evidence in a criminal case is well-settled in Ohio. The Ohio Supreme Court has held that in order to grant a motion for a new trial, it must be shown that the newly discovered evidence upon which the motion is based: "(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." State v. Petro (1947),148 Ohio St. 505, paragraph one of the syllabus, citing State v. Lopa (1917), 96 Ohio St. 410, approved and followed. The Ohio Supreme Court further noted that:
 The granting of a motion for a new trial upon the ground named [newly discovered evidence] is necessarily committed to the wise discretion of the court, and a court of error cannot reverse, unless there has been a gross abuse of that discretion; and whether that discretion has been abused must be disclosed from the entire record. * * *
Petro, at 507-508. The standard of review on appeal is set out in the first paragraph of the syllabus in State v. Schiebel (1990),55 Ohio St.3d 71:
 A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion.
At the onset, we note that appellant's motion for a new trial was not timely filed before the trial court. Crim.R. 33(B) states in part:
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
Appellant states that the newly discovered evidence was not obtained until December 10, 1994, some two hundred and seventy-seven days after the March 8, 1994 guilty verdict. Appellant argues that he was unable to obtain the evidence until December 10, 1994, because that was the first time his sons saw him after the death of his wife.[4] Even after appellant alleges he obtained the newly discovered evidence, he did not file a motion for a new trial based on this new evidence until March 2, 2001. Appellant provides no reason for this nearly seven-year delay in bringing the newly discovered evidence to the attention of the trial court. Even if appellant was unable to have contact with his children until December 10, 1994, and was unable to obtain a statement from them until that time, the statement does not constitute newly discovered evidence because the information contained in the affidavit has been available to appellant for the past eight years. Furthermore, there is no evidence in the record to indicate that appellant made a motion for the court to order that he was "unavoidably prevented" from discovering this new evidence.
In addition, appellant fails to offer any clear and convincing proof of how he was unavoidably delayed in discovering the evidence. Specifically, appellant did not establish that he was unavoidably prevented from the discovery of the new evidence, that the evidence was new material to his defense, or that he could not have, with reasonable diligence, discovered and produced the new evidence at trial. See State v. Mason (Mar. 29, 2001), Ashland App. No. 00COA01373, unreported. Appellant only asserts that because his sons were under the guardianship of Deborah Sheridan's family, they were unable to provide a statement on their father's behalf. Therefore, according to appellant, it was not until Solomon David Sheridan was of legal age, that appellant was able to obtain the affidavit. Both of appellant's sons testified on their father's behalf during the first trial, however, appellant did not have either son testify on his behalf at the March 1994 trial. The information contained in the affidavit, which appellant is claiming is newly discovered, was easily accessible at the time of the trial by way of calling either or both of his sons to testify. Appellant has failed to meet the clear and convincing standard required by Crim.R. 33(B). Therefore, we conclude that appellant could have met the statutory requirements of Crim.R. 33(B), but failed to do so.
Given the totality of the evidence presented at appellant's trial, it was not unreasonable for the trial court to conclude that appellant's conviction and sentence would not be different even if the purported newly discovered evidence were admitted. Therefore, we find that the trial court correctly denied appellant's motion for a new trial based on the newly discovered evidence. As such, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and PETREE, JJ., concur.
[1] State v. Sheridan (Feb. 9, 1995), Franklin App. No. 94APA04-529, unreported. A thorough procedural and factual history of this case is included in our opinion ruling upon appellant's first appeal.
[2] State v. Sheridan (Sept. 11, 1997), Franklin App. Nos. 97APA01-140 and 97APA02-150, unreported.
[3] State v. Sheridan (June 13, 2000), Franklin App. No. 00AP-6, unreported.
[4] This statement contradicts appellant's testimony at the first trial:
 Q. HOW MANY TIMES HAVE YOU SEEN THEM SINCE YOU WERE ARRESTED? HOW MANY TIMES HAVE YOU SEEN YOUR SONS?
 A. MAYBE FOUR OR FIVE TIMES. [Vol. II of Trial I, Tr. 292.]