Turnee, J.
 

 This is a separate appeal growing out of cause No. 31097,
 
 State
 
 v.
 
 Petro, ante,
 
 473.
 

 Appellant assigns as error the affirming of the judgment of the trial court in overruling defendant’s motion for new trial on the ground of newly discovered evidence, material to the defendant, and which he could not with reasonable diligence have ascertained and produced at the trial.
 

 The motion reads:
 

 “Now comes Julius Anthony Petro, defendant in the foregoing matter, and moves this honorable court for an order vacating and setting aside the verdict ■of the jury in this cause rendered on the 18th day of June, 1946, and granting a new trial herein, for the following reasons, to wit:
 

 “Newly discovered evidence material to the defendant, which he could not with reasonable diligence have ■discovered and produced at the trial.
 

 “In support of this motion, and pursuant to Section 13449-1, General Code, defendant files herewith the affidavit of the witness by whom such evidence is expected to be given.
 

 ‘ ‘ The affidavit reads as follows:
 

 “Thomas Whálen, being first duly sworn according to law, deposes and says that on the 2nd day of March, 1946, he was 'a duly qualified, appointed and acting
 
 *507
 
 member of the Cleveland Police Department, assigned to the homicide sqnad.
 

 “Affiant further deposes and says that in company with other members of the Cleveland Police Department, he investigated the homicide of one Eobert Xnaus, whose body was found on Belvoir boulevard on the afternoon of said day.
 

 “Affiant further says that he, in his capacity as a police officer of the city of Cleveland, was present at the morgue of Said Cuyahoga county, Ohio, at 8 p. m. on March 2nd, 1946, when the body of Eobert Xnaus was examined by Samuel E. Gerber, coroner of Cuyahoga county, Ohio; that at the conclusion of said examination the said Samuel E. Gerber, coroner of Cuyahoga county, Ohio, stated in- the presence and hearing of this affiant that the body had been dead approximately 60 hours prior to said examination at 8 p. m., and that in conformance with the rules and regulations of the police department, affiant made a written report pertaining to said investigation, including therein a reference to what transpired at the county morgue at 8 p. m.; that said report consisted of an original and three carbon copies in each of which this affiant reported therein the following:
 

 “ ‘Dr. Gerber, county coroner, examined the body of the victim and informed us that death had been approximately 60 hours previous to his examination at 8 p. m., March 2nd. He will give further details later.
 
 ’
 

 “Further affiant saith not.
 

 ‘ ‘ (Signed) Thomas Whalen. ’ ’
 

 . The law on this subject is set forth in the
 
 per curiam
 
 opinion in the case of
 
 State
 
 v.
 
 Lopa,
 
 96 Ohio St., 410, 117 N. E., 319, where at page 411 it is said:
 

 “The granting of a motion for a new trial upon the ground named [newly discovered evidence] is neces
 
 *508
 
 sarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record. The rule of procedure in this regard has been frequently announced by this court. The new testimony proffered must neither be impeaching nor (Cumulative in character. Were the rule otherwise the defendant could often easily avail himself of a new trial upon the ground claimed. Unless the trial court or court of error, in view of the testimony presented to the court and jury, finds that there is a strong probability that the "newly discovered evidence will result in a different verdict, a new trial should be refused.”
 

 Defendant says in his brief:
 

 “While we concede that the granting of a motion for new trial is necessarily committed to the wise discretion of the court, still where the record shows a gross abuse of discretion, a new trial should be granted. ’ ’
 

 Dr. Gerber, the coroner, had been thoroughly cross-examined as to the time which in his opinion Rmaus had been dead. The coroner was asked the following question:
 

 “My question, Doctor,, was did you, on the 2nd day of March, 1946, in or about the county morgue, tell anybody that in your opinion the body had been dead from 60 to 72 hours?' -A. I don’t remember of ever saying 60 hours.”
 

 The coroner further testified:
 

 “A. About eight o’clock I gave an opinion.
 

 “Q. Who did you give your opinion to at eight o’clock? A. To Lieutenant Cooney, Detective Boyette, several detectives from East Cleveland and several other detectives that were present, I can’t — ”
 

 
 *509
 
 The affidavit of Mr. Whalen shows that his testimony would merely tend to impeach that of the coroner. Under the rule laid down in the case of
 
 State
 
 v.
 
 Lopa, supra,
 
 the proffered testimony being merely impeaching or at most possibly cumulative, the trial court committed no error in overruling defendant’s motion and the Court of Appeals committed no error in affirming such judgment of the trial court.
 

 The case of
 
 Koenig
 
 v.
 
 State,
 
 121 Ohio St., 147, 167 N. E., 385, is inapplicable here and is in no wise a limitation of the doctrine announced in the
 
 Lopa case.
 

 Therefore, the judgment of the Court of Appeals in cause No. 31098 should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Haet, Zimmerman, Sohngen and Stewart, JJ., concur.