Defendant-appellant, Thomas Applegate, was charged with criminal trespass in violation of R.C. 2911.21. After trial to the court, defendant was found guilty and sentenced accordingly. His motion for a new trial was denied.
Defendant appeals, asserting the following assignments of error:
 1. "THE JUDGMENT OF THE TRIAL COURT CONVICTING APPELLANT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."
 2. "A MOTION FOR NEW TRIAL SHOULD NOT BE DENIED WITHOUT A FULL HEARING WHEN MADE PURSUANT TO CRIM. R. 33. A DENIAL OF SUCH A HEARING AND THE MOTION VIOLATES AN ACCUSED'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION AND CRIM. R. 33."
Defendant was arrested for criminal trespass after entering the premises of the German Village Branch of Bank One after allegedly being notified that he was no longer welcome on the premises.
Columbus City Code ("C.C.") Section 2311.21 (A) under which defendant was charged, reads, as pertinent, as follows:
 "No person, without privilege to do so, shall do any of the following:
"* * *
 "(3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender * * *."
Defendant's first assignment of error is that the guilty finding of the trial court is against the manifest weight of the evidence and contrary to law.
There was ample evidence that defendant was clearly informed that he was no longer welcome on the premises shortly before he entered the premises at the time of his arrest. Paula Graham, the manager of the branch, informed defendant by telephone, the day before his arrest, that he was no longer welcome on the premises and that he would be arrested if he entered. Prior warnings were also given by bank employees. His fiancée, Dawn Marczewski, testified that defendant had been told two or three weeks before the arrest that he could not come back to the bank. Thus, the trial court's finding that defendant recklessly entered the premises after being notified that he was not to do so is supported by overwhelming evidence.
Another issue raised by this assignment of error, is whether defendant had a privilege to do so despite being told that he was not welcome and would be arrested. Defendant contends that he was "not without privilege to do so" because he had a power of attorney to transact business for his fiancée who had an account at the bank. He says that his fiancée is disabled from transacting her own business, at least part of the time, and that it was necessary for him to enter the bank to use her account. Thus, he contends that, as her representative, he had a privilege to enter the bank at the time in question as long as he behaved responsibly while he was there. There was no testimony of improper behavior at the time of his arrest, other than entering the premises of the bank after being advised not to do so. In fact, none of the employees of the branch bank had observed improper conduct on his part with the possible exception of a statement to Graham that compared her actions excluding him to those of guards at Auschwitz and Buchenwald. The instructions to exclude him had come from Bank One officials in the corporate security office in Texas with whom defendant had apparently had a telephone conversation that the official construed to be of a threatening nature. Paula Graham described the threat being reported as a bomb threat when she was told to exclude defendant from the bank.
Defendant admitted to conversations with bank representatives in Texas, but alleged that they falsely accused him of a bomb threat to cover themselves and that he was only trying to force their compliance with the American Disabilities Act. He said that they reported him to the FBI who "cleared" him. In fact, defendant accused just about all of the bank's witnesses of lying.
The first legal issue is whether the bank may revoke defendant's right to enter the bank without first closing Ms. Marczewski's account. We hold that they can, since his right to enter is, at least in part, separate from her having an account. She could conduct her business personally or through someone who is not banned from the bank. It was defendant who was notified of his restriction from the bank because of his alleged misconduct and not her. His privilege to conduct business for his fiancée was not granted by the bank nor binding on them.
The next issue is whether the bank must prove their reason for excluding defendant in order to justify proof of criminal trespass. We hold that is not necessary. R.C. 2911.21 is violated by defendant's refusal to obey a facially valid restriction; the peace would not be preserved by defendant being able to resist such an order by noncompliance.
Defendant's first assignment of error is overruled.
Defendant secondly contends that the trial court erred in overruling his motion for a new trial based on newly discovered evidence. In determining a motion for a new trial, based on "newly discovered evidence," it must be shown that the new evidence: (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not, in the exercise of due diligence, have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not impeach or contradict former evidence. State v. Petro (1947), 148 Ohio St. 505.
The evidence that defendant may have been allowed to enter the bank on January 12, 1998, after the initial exclusion would not have altered the result of the trial in all probability. Defendant received later warnings including shortly before he entered on January 30, 1998. It is clear that entry, even if proved, could not be understood as waiving any past restriction for alleged improper conduct.
The trial court did not err in summarily overruling defendant's motion for a new trial.
Defendant's second assignment of error is overruled.
Defendant's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BRYANT, J., concurs.
TYACK, J., concurs separately.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.