OPINION
Defendant-Appellant Mark A. Elkins appeals the August 18, 1998, Judgment Entry of the Delaware County Court of Common Pleas denying his Motion for a New Trial based on newly discovered evidence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 8, 1994, the Delaware County Grand Jury indicted appellant with one count of Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2), one count of Aggravated Burglary in violation of R.C. 2911.11, one count of Aggravated Robbery in violation of R.C. 2911.01, one count of Grand Theft in violation of 2913.02, and one count of Receiving Stolen Property in violation of R.C. 2913.51. Both the aggravated burglary and aggravated robbery charges carried firearm specifications. At his arraignment on April 15, 1994, appellant entered pleas of not guilty to the charges set forth in the indictment. A jury trial commenced on July 5, 1994. On July 7, 1994, the jury found appellant guilty as to all five counts of the indictment. The trial court, on July 11, 1994, sentenced appellant to an aggregate prison sentence of 18 to 50 years. The Judgment Entry on Sentencing was filed the same date. On May 5, 1997, appellant filed a Motion for Leave to File Delayed Motion for New Trial and a Delayed Motion for New Trial based upon newly discovered evidence. Appellant, in his motions, argued that the newly discovered evidence upon which he was relying consisted of testimony from two witnesses who claimed to be the true perpetrators of the crimes for which appellant was convicted. One of the witnesses, Clark Stevens, was appellant's co-defendant who, at the time of the trial, was unavailable to testify since he had fled from the court's jurisdiction. Appellant's counsel, stated in his affidavit, which was attached to appellant's motion, that Clark Stevens had called his office and informed him that he had "committed the offenses for which he was convicted, but did not do so with Mark Elkins" and that appellant was not involved in any part of the criminal activity for which he was convicted. Stevens, according to the affidavit, indicated that he was willing to testify as to the same before the court. The other witness, James George, was a prisoner in the same facility in which appellant was incarcerated, serving a thirty year to life sentence for aggravated robbery and murder. George, who had met appellant in the prison break yard in March of 1997, stated in his affidavit that appellant "has been wrongfully convicted, as Clark Stevens and I were the true perpetrators of the crimes. The trial court, pursuant to a Judgment Entry filed on July 22, 1997, granted appellant's Motion for Leave to file Delayed Motion for New Trial. A hearing on appellant's Delayed Motion for New Trial was held on October 17, 1997. While George testified at the hearing that only he and Stevens had committed the offenses for which appellant was convicted, Clark did not testify. At the hearing, George, when asked why he was carrying forward with the information now, stated, in part, as follows: "Well, I'm doing 30 to life, I feel I ain't got nothing to lose." Transcript of Proceedings, page 20. George also admitted discussing appellant's case with him. Subsequently, the trial court, pursuant to a Judgment Entry filed on August 18, 1998, overruled appellant's Delayed Motion for New Trial. It is from the August 18, 1998, Judgment Entry that appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S DELAYED MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE IN VIOLATION OF CRIM. R. 33 AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.
 I
Appellant, in his sole assignment of error, argues that the trial court erred in denying his Delayed Motion for New Trial based on newly discovered evidence in violation of Criminal Rule 33. We disagree. Criminal Rule 33 provides in relevant part, as follows:
 "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 (6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
See also R.C. 2945.79.
"To warrant the granting of a motion for new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."
State v. Petro (1947), 148 Ohio St. 505, syllabus. Since the granting or denying of a motion for a new trial based on newly discovered evidence is within the sound discretion of the trial court, this court will not reverse absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151. Upon review of the record, we conclude that the trial court did not abuse its discretion in denying appellant's motion for a new trial. The trial court, in denying appellant's motion, found that while appellant had satisfied the second, third and fourth prongs of the Petro test, appellant had failed to meet the remaining three prongs. In order to satisfy the first prong of the Petro test, there must be a strong probability that the new evidence will change the result if a new trial is granted. We find that the trial court did not abuse its discretion in finding that "even if the new evidence had been heard by the jury, it is highly unlikely that different verdicts would have resulted." Not only did the victim in this case, who was subject to cross examination, positively identify appellant both during a photo line up and at trial as having committed the offenses, but one of the witnesses in this case, Annette Byrum, also positively identified appellant. Byrum testified at trial that both appellant and Clark Stevens had told her that they had committed the crimes at issue in this case. Byrum further testified that several days after the offense occurred, appellant took her to the scene of the crime and pointed out the victim's home to her. Moreover, while George testified at the October 17, 1997, hearing, his testimony was inconsistent with the trial testimony as to several details including the location of a rifle in the victim's house and whether or not any animals were on the premises. Stevens, who was available to testify at the hearing, was not called as a witness despite defense counsel's affidavit. Thus, the newly discovered evidence does not disclose a strong probability that it will change the result if a new trial is granted since the jury could easily have disbelieved George. We do agree with appellant, however, that the trial court abused its discretion in finding that the appellant failed to satisfy the fifth prong of the Petro test. The fifth part of the Petro test sets forth that the new evidence must not be merely cumulative. The trial court concluded that the newly discovered evidence was cumulative but provided no explanation as to why it reached that conclusion. Cumulative evidence is additional, repetitive testimony as to what was admitted at trial. However, no witness at the trial testified that the appellant was not involved. Even though we find that the trial court abused its discretion in regard to its conclusion on the fifth prong of the Petro test, the appellant still clearly failed to meet the first prong, and therefore the ultimate ruling of the trial court on the motion for new trial was not an abuse of discretion. Furthermore, the trial court did not abuse its discretion in finding that appellant failed to satisfy the sixth prong of the Petro test. The sixth prong requires that the newly discovered evidence does not merely impeach or contradict the former evidence. The newly discovered evidence in this matter contradicts the former evidence. George's testimony contradicted that of both Byrum and the victim as to the identity of the perpetrators as well as contradicted the victim's testimony as to the location of the rifle and the existence of a dog on the premises. In contrast to Byrum's testimony, George, for example, testified that he, rather than appellant, showed Byrum the victim's house and told her of the robbery. As the trial court stated in its decision, "The affidavits presented and, indeed, George's sworn testimony at the October 17, 1997, motion hearing, only attempt to impeach or contradict the previous testimony of the victim and Ms. Byrum. The defense had the opportunity to adequately cross examine Mr. Hardman [the victim] and Ms. Byrum at trial and the purported additional new evidence advanced by Mr. George is lacking in candor."
Since George's testimony contradicts that offered at trial by the victim and Byrum, the trial court found appellant had not satisfied the sixth prong of the Petro test. Appellant argues that the testimony of James George does not impeach the testimony of the witnesses from the trial in the classical sense in that the testimony of James George does not directly attack the credibility of any of the witnesses. However, the sixth prong of the Petro test states that the newly discovered evidence must not merely impeach or contradict the former evidence. (See also State v. Lopa (1917), 96 Ohio St. 410, 117 N.E. 319, where the Ohio Supreme Court found that newly discovered evidence from two witnesses which contradicted the testimony of an original witness at the trial as to whether the victim had returned to the crime scene and assaulted the defendant was not grounds for a new trial.) While there is an interesting legal argument to be made that "classic" impeachment evidence is what the Ohio Supreme Court meant in Petro in the syllabus when it said impeach or contradict, we find that a detailed discussion of that issue is not necessary based on the failure of the appellant to meet the first prong of Petro. Accordingly, this court finds that the trial court did not abuse its discretion in denying appellant's Delayed Motion for New Trial. The trial court's finding that appellant failed to satisfy the first and sixth prongs of the Petro test was not unreasonable, arbitrary or unconscionable. Appellant's sole assignment of error is denied.
The judgment of the Delaware County Court of Common Pleas is affirmed.
By Edwards, J. John Wise, P.J. and Wm. Hoffman, J. concur