[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Defendant-appellant, Nick Barrett, appeals the judgment of the Hamilton County Court of Common Pleas denying his motion for leave to file a motion for a new trial. For the following reasons, we affirm the trial court's judgment.
Barrett was convicted of two counts of felonious assault following a jury trial conducted in 1996. Barrett appealed, and this court affirmed the convictions.[1] In November 1998, Barrett moved the trial court for leave to file a motion for a new trial. Barrett's motion for a new trial based on newly discovered evidence was filed with the motion for leave. Attached to the new-trial motion was the affidavit of an eyewitness who had testified at trial. In the affidavit, the witness recanted her trial testimony, averring that she had been coerced into testifying against Barrettt. Following a hearing, the trial court denied Barrett's motion for leave to file the new-trial motion.
In his first assignment of error, Barrett argues that the trial court erred in denying his motion for leave to file his motion for a new trial. Based upon our review of the record, we find this argument to be moot. Although the trial court journalized an entry denying the motion for leave, it is evident that the court considered the merits of the new-trial motion. As noted above, the motion for a new trial was filed with the motion for leave, and at the hearing on the motion for leave, the merits of the new-trial motion were argued. The trial court considered the merits of the motion, finding that the evidence at trial was overwhelming and that the affidavit filed with the motion for a new trial was not credible in light of the evidence adduced at trial. Thus, the trial court considered Barrett's motion for a new trial, and the first assignment of error is accordingly overruled.
In his second assignment of error, Barrett contends that the trial court erred in denying his motion for a new trial. To warrant the granting of a motion for a new trial on the ground of newly discovered evidence, the defendant must show that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such that it could not in the exercise of due diligence have been discovered before trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.[2] The decision to grant or deny a motion for a new trial will not be reversed absent an abuse of discretion.[3] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[4]
Here, we find no abuse of discretion in the trial court's decision. First, the evidence proffered by Barrett merely contradicted evidence adduced at trial. The affiant stated that her trial testimony, in which she stated that Barrett had struck the victims with a board, was false. The newly discovered evidence, therefore, failed to meet the sixth prong of the Petro
test. Moreover, the new evidence did not disclose a strong possibility that it would change the result if a new trial were granted. As noted by the state, a witness other than the affiant had identified Barrett at trial as the perpetrator of the crimes, and the record does not indicate that the other witness had recanted her testimony. Under these circumstances, we cannot say that the trial court's denial of the motion for a new trial was unreasonable, arbitrary, or unconscionable. The second assignment of error is therefore overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] State v. Barrett (Apr. 11, 1997), Hamilton App. No. C-960598, unreported.
[2] State v. Tolbert (Dec. 12, 1997), Hamilton App. No. C-960944, unreported, jurisdictional motion overruled (1998), 81 Ohio St.3d 1498,691 N.E.2d 1058, citing State v. Petro (1947), 148 Ohio St. 505,76 N.E.2d 370. See, also, Crim.R. 33(A) (6).
[3] State v. Filiaggi (1999), 86 Ohio St.3d 230, 714 N.E.2d 867.
[4] State v. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.