OPINION
Defendant-appellant Larry Nalls appeals from the denial of his motion for a new trial. He contends that the trial court should have granted his motion in view of affidavits he submitted from two witnesses, one of whom, an eyewitness, recanted his inculpatory trial testimony. Nalls further contends that the prosecutor at the trial suborned the perjured testimony of this eyewitness.
We first note that Nalls did not ground his motion for a new trial upon a claim that the trial prosecutor had suborned perjury. We note, also, that the averment he presents in support of this claim is inconclusive.
The trial court disregarded the affidavit of one witness, John Perry, upon the ground that the information contained therein was available to Nalls within 120 days after the day upon which the verdict was rendered, in 1989. Nalls contends that although Perry indicated that he had brought his information to the attention of Nalls' family, Nalls himself had not become aware of these facts until recently. We conclude that the trial court could reasonably infer, as it evidently did, that Nalls's family would have brought this to his attention, back in 1989-1990. Accordingly, we conclude that the trial court could properly find, as it did, that these facts could have been discovered, with due diligence, many years ago.
The remaining basis for Nalls's motion for a new trial was the recantation of an eyewitness, Anthony Martin. The trial court determined that a hearing was necessary, in order to make a finding whether Martin's new testimony disclosed a strong probability that it would change the result of a new trial, if a new trial were granted. Following the hearing, the trial court found that Martin's recantation was not worthy of belief, and denied Nalls's motion for a new trial. We conclude that the trial court's finding is supported by the record. Accordingly, the order of the trial court denying Nalls's new trial is Affirmed.
 I
In 1989, Nalls was charged with two counts of Rape, and one count of Kidnapping. The Rape charges involved allegations that Nalls had compelled L.S. to engage in sexual conduct with him on August 10, 1989, by force, or by threat of force. Following a trial, Nalls was convicted on both counts of Rape, but acquitted of Kidnapping. From his conviction and sentence, Nalls appealed. We found no error in the conviction, but reversed the judgment and remanded the matter to the trial court for resentencing, having found that Nalls was not afforded his right of allocution. State v. Nalls (November 9, 1990), Montgomery App. No. 11940, unreported.
After Nalls was re-sentenced, upon remand, he again appealed. This time, his conviction and sentence were affirmed. State v. Nalls
(November 7, 1991), Montgomery App. No. 12624, unreported.
On July 30, 1999, Nalls filed a motion for leave to file a motion for new trial, accompanied by a motion for a new trial. Although we find nothing in the record expressly ruling upon Nalls's motion for leave to file his motion for a new trial, it appears that the trial court accepted his motion for a new trial, conducted a hearing on the motion, and ruled upon it.
Nalls's motion for a new trial was based upon the affidavits of Anthony Martin and John Perry. Martin was present, along with Nalls and L.S., at the time of the alleged offenses. At the original trial, Martin corroborated L.S.'s testimony that she was compelled to submit to sexual acts as a result of Nalls's use of force, and threatened use of force. In his affidavits in support of the motion for a new trial, Martin averred that L.S. had not been forced to submit, but that the sexual activity involving L.S. was voluntary on her part.
Perry was not a witness to the alleged offenses. However, Perry averred, in his affidavit, that while he was "at a bootleg after hours place, shortly after . . . Nalls was arrested and prior or at about the time . . . Nalls was transported to prison, . . . he was standing near a woman who he believes was [L.S.] . . . [and] heard her talk to others about Larry Nalls and words to the effect to how she was angry with Larry Nalls, that she disrupted her drug services, that she had helped put Larry into prison, and that she bragged about it." In his affidavit, Perry further averred that "he provided this information to the family of Larry Nalls but no one questioned him further at the time of the trial. No one followed up to ask him about this incident until 1998 when he was approached by attorney Richard A. Nystrom."
The trial court concluded that the information in Perry's affidavit did not constitute newly discovered facts, since this information had been communicated to Nalls's family, and by extension, to Nalls, back in 1989.
At the hearing on Nalls's motion for a new trial, allegations were made that the prosecutor at that hearing, in a hallway before the hearing, had threatened Martin with prosecution for perjury if he should change his story. The prosecutor denied these allegations, contending that she had merely inquired of Martin's attorney whether Martin had been advised of the potential risks of testifying.
After Martin was questioned on direct examination by Nalls's attorney, the prosecutor asked for a continuance, having concluded that she might have to testify with regard to the allegations that had been made about her conduct in the hallway outside the hearing. The trial judge took that matter under advisement, and indicated his desire to question the witness. Without objection from either party, the trial judge proceeded to question Martin concerning the alleged incident, whether any promises had been made to Martin in exchange for his trial testimony, whether Martin was under the influence of any drugs at the time of the alleged offense, and whether Martin was afraid of Nalls then, or presently. Following Martin's interrogation by the trial court, neither party sought to question Martin.
The trial court then found no need for a continuance, because, based upon the inconsistencies between Martin's trial testimony, his averments in his affidavit, and his testimony at the hearing, the trial court found Martin's testimony to be not worthy of belief. In a decision filed subsequently, the trial court overruled Nalls's motion for a new trial. From the denial of his motion for a new trial, Nalls appeals.
 II
Nalls's First Assignment of Error is as follows:
 THE APPELLANT WAS DENIED HIS DUE PROCESS, EQUAL PROTECTION, AND FAIR TRIAL RIGHTS WHEN HE WAS CONVICTED BY AND THROUGH THE USE OF PERJURED, FALSE, AND/OR TAINTED TESTIMONY, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.
Although Nalls urges numerous alleged constitutional violations in this appeal, his motion for a new trial was based solely upon the discovery of new evidence. That evidence consisted of the information contained in the affidavit of Perry, and the recantation in Martin's affidavit.
The trial court rejected the information contained in Perry's affidavit, as a basis for a new trial, upon the grounds that it was not newly discovered. In Perry's affidavit, he avers that he brought the statement of L.S. that he allegedly overheard to the attention of Nalls' family back in 1989. Nalls argues that although his family may have known about this information, he did not.
We conclude that the trial court could reasonably infer, as it evidently did, that Nalls learned of this evidence from his family back in 1989. Accordingly, we find no error in the trial court's rejection of the Perry affidavit as a basis for a new trial.
With respect to Martin's recantation, the trial court noted that Statev. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, sets forth six elements of a claim for a new trial based upon newly discovered evidence. The evidence must: (1) disclose a strong probability that it will change the result of a new trial if a new trial is granted; (2) have been discovered since the trial; (3) not have been discoverable, with the exercise of due diligence, before the trial; (4) be material to the issues; (5) not be merely cumulative to former evidence; and (6) not merely impeach or contradict the former evidence. State v. Petro, supra. The trial court concluded that the evidence in Martin's affidavit satisfied the criteria in (2) through (6), above. Based on the hearing, however, the trial court concluded that Martin's recantation did not disclose a strong probability that it would change the result of a new trial, if a new trial was granted.
The trial court, in its decision denying the motion for new trial, continued its analysis as follows:
 At the hearing Mr. Martin, indeed, contradicted the testimony he provided at trial. However, Mr. Martin also contradicted the testimony put forth in his affidavits attached to Mr. Nalls' motions. At the trial Mr. Martin testified that the Defendant had anal sex with the victim. In Mr. Martin's affidavit of May 27, 1998, at Item #18, he answered, "No." to the question, "On the night of the beating did you, Tony Martin, see Larry Nalls have vaginal or anal intercourse with [L.S.]?" At the hearing on August 24, 2001, Mr. Martin once again recalled the Defendant having anal sex with the victim.
 At the original trial Mr. Martin testified that there were no deals for his testimony. In his affidavit of June 12, 1998, he stated in Item #11, "Since I was not a participant to any rape and since I did not want to be prosecuted for rape, I agreed to testify as the police told me to." At the hearing on August 24, 2001, Mr. Martin testified that the prosecutor in the case, Linda Howland, had put forth the deal in which his testimony would be offered in exchange for no charges being brought. However, in his affidavit of June 12, 1998, Mr. Martin stated, in Item #12, "I believe that the prosecutor also knew about the demands on me to testify falsely but I do not know that for sure."
 In his affidavit of May 27, 1998, in Item #10, in answer to the question, "Was there pressure for a deal?" Mr. Martin responded, "Yes fear both ways: jail and Larry Nalls. I was scared." At the hearing on August 24, 2001, Mr. Martin denied ever being scared of Larry Nalls. Ultimately, this Court finds Mr. Martin's affidavits and recantation not to be credible.
 At the trial Mr. Martin presented himself as the only eye witness other than the victim herself. His testimony was brief and not elaborate. Although he did corroborate the testimony of the victim, so did several other witnesses presented by the State, including police officers and detectives who were able to testify as to Mr. Nalls' statements. Mr. Nalls' statements were inconsistent with the credible evidence at trial and with other statements he made to the police. In fact, Mr. Nalls denied to the police that Tony Martin, the recantor, was even present in his house at the time these events occurred.
 Therefore, specifically, this Court finds that Mr. Martin's affidavits and testimony at the August 24, 2001, hearing are not credible and do not disclose a strong probability that it will change the result if a new trial is granted. Based on a review of evidence from the original trial the Court also finds that Mr. Martin's recantation was not as credible as the testimony he presented at the trial and would not materially affect the outcome of the trial.
We have reviewed the entire transcript of the hearing on Nalls's motion for a new trial, and we conclude that the evidence in the record supports the trial court's findings. Nalls's First Assignment of Error is overruled.
 III
Nalls's Second Assignment of Error is as follows:
 THE APPELLANT WAS DENIED HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS TO A FAIR TRIAL WHEN THE STATE, BY AND THROUGH THE MONTGOMERY COUNTY ASSISTANT PROSECUTOR, INTENTIONALLY AND/OR KNOWINGLY USED PERJURED AND/OR FALSE TESTIMONY TO SECURE A CONVICTION AGAINST THE APPELLANT, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.
Nalls never presented this claim — that the prosecutor at his trial suborned perjury — in the trial court in support of his motion for a new trial. Accordingly, it is not proper for us to consider this claim for the first time on appeal. We do note, however, that the only evidence we have been able to find in the record bearing upon this claim is the following averment in Martin's affidavit: "I believe that the prosecutor also knew about the demands on me to testify falsely but Ido not know that for sure." (Emphasis added.)
In our view, even if we could properly consider Nalls's claim, the evidence he has presented on this subject is too insubstantial to justify relief. Nalls's Second Assignment of Error is overruled.
 IV
Nalls's Third Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, AND/OR ABUSED ITS DISCRETION, WHEN IT DENIED THE APPELLANT A FAIR AND IMPARTIAL HEARING ON THE MOTION FOR A NEW TRIAL AND/OR POST-CONVICTION RELIEF, IN VIOLATION OF THE FIRST, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.
In support of this assignment of error, Nalls re-argues, for the most part, that the trial court erred when it found Martin's recantation to be not worthy of belief. Nalls contends that the inconsistencies between Martin's trial testimony, his affidavits, and his testimony at the hearing on the motion for a new trial, are immaterial, and therefore ought not to have been considered.
We have reviewed the transcript of the hearing on the motion for new trial, and we agree with the trial court that Martin's changing stories, concerning important facts, are of enough significance to cause his recantation testimony to be unworthy of belief. In fact, based upon Martin's testimony at the hearing that he had been "doing crack," and also drinking, the night of the offense, we conclude that the record supports the trial court's oral finding, at the conclusion of the hearing, that:
 Now, the only thing I do believe is probably you were in a daze and you admit that then and you admit it now, because you had been doing so much drugs. But the Jury's Verdict clearly took that into consideration I think in weighing the testimony in this case, and I have no basis to believe you at all, Mr. Martin, and I will not grant a new trial in this matter.
 Finally, although not directly touched upon in his argument in support of this assignment of error, Nalls's Third Assignment of Error implicates the trial judge's impartiality at the hearing. Again, we have reviewed the entire transcript of the hearing. We find nothing in the transcript to suggest that the trial judge, when he questioned Martin at the hearing, had prejudged the issue of Martin's credibility. The judge simply asked Martin a series of questions designed to test the consistency of his present testimony with the averments in his affidavit in support of the motion for a new trial. The trial judge needed to make a determination of Martin's credibility, and the judge's questions were appropriately directed toward that end.
Nalls's Third Assignment of Error is overruled.
 V
All of Nalls's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.