JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Robert E. Lee, appeals the decision of the trial court which denied his motion for a new trial based upon the discovery of new evidence. For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} The case at bar originates from the appellant's conviction on one count of kidnaping of a child under the age of 13 for the purposes of engaging in sexual activity, and one count of rape, by force or threat of force, of a child under the age of 13 years.
 {¶ 3} The child involved in this case was the daughter of a family with whom the appellant was staying. According to the victim, on the night of the incident, the appellant carried her downstairs to the basement while she slept and then proceeded to rape her.
 {¶ 4} The appellant's conviction was affirmed by this court inState v. Lee (Jan. 16, 1997), Cuyahoga App. No. 70122. The appellant then filed a petition for postconviction relief based upon ineffective assistance of counsel. This court, in State v. Lee (Aug. 13, 1998), Cuyahoga App. No. 73158, affirmed the decision of the trial court and found appellant's claims to be barred under the doctrine of res judicata as they had been fully litigated on direct appeal.
 {¶ 5} In addition, the appellant attempted to reopen the judgment of the court of appeals pursuant to App.R. 26(B)(1); however, this court determined in State v. Lee (May 11, 2001), Cuyahoga App. No. 70122, that the appellant failed to demonstrate "good cause," pursuant to App.R. 26(B)(2), for filing an untimely application for reopening the earlier judgment.
 {¶ 6} The appellant filed a public records request in 2001. On June 5, 2001, the appellant filed a motion to preserve evidence and a motion to order DNA testing in the trial court based upon alleged newly discovered evidence. In addition, the appellant filed a motion for a new trial based upon this newly discovered evidence. On January 29, 2002, the trial court denied the appellant's motion for a new trial.
 {¶ 7} The appellant now appeals and asserts the following sole assignment of error:
 {¶ 8} "The trial court erred and abused its discretion in overruling the new trial motion in this case prior to disposing of the DNA evidence motion."
 {¶ 9} Crim.R. 33(A)(6) provides that a new trial may be granted when "new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."
 {¶ 10} In addition, a motion for a new trial based upon newly discovered evidence must be filed within 120 days after the verdict unless the court finds by clear and convincing proof that the defendant was unavoidably prevented from discovering the evidence within the 120-day time period. Crim.R. 33(B). The decision of whether to grant a new trial on the grounds of newly discovered evidence falls within the sound discretion of the trial court. State v. Hawkins (1993),66 Ohio St.3d 339, 350. To warrant the court's granting of a new trial, the newly discovered evidence must at least disclose "`a strong probability that it will change the result if a new trial is granted, and must not be merely cumulative to former evidence.'" Id., quoting Statev. Petro (1947), 148 Ohio St. 505, syllabus. Likewise, the decision on whether the motion warrants a hearing also lies within the trial court's discretion. State v. LaMar (1995), 95 Ohio St.3d 181.
 {¶ 11} In the case sub judice, the appellant claims additional DNA swabs were taken during the initial examination of the victim and that the appellant was never given the results of those tests. However, the appellant did not present any evidence as to why this "newly discovered" evidence could not with reasonable diligence have been discovered earlier than seven years after the trial.
 {¶ 12} Additionally, at trial, testimony was presented by the Cleveland Police Department Scientific Investigation Unit that saliva tests were taken and found to be negative for semen and blood. Therefore, any additional saliva testing would result in only cumulative and not new evidence to that already presented at trial.
 {¶ 13} The appellant has also failed to establish that the evidence is anything different than that presented at trial. With negative saliva tests already in the record of the appellant's original trial, the appellant has failed to demonstrate a strong probability that the "newly discovered" evidence will change the result if a new trial is granted. As shown in the lower court proceedings, even in the absence of positive tests for semen and blood, the jury still found the appellant guilty.
 {¶ 14} Therefore, the appellant has failed to present evidence to comply with the requirements of Crim.R. 33(B). Appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
PATRICIA A. BLACKMON, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).