DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from judgments of the Ottawa County Court of Common Pleas that denied appellant's two motions to dismiss the indictment filed against him. For the reasons that follow, this court reverses the judgment of the trial court as to appellant's first motion to dismiss and finds the trial court's ruling on the second motion to dismiss moot.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "1. The trial court erred to the prejudice of the Defendant by failing to grant Defendant's Motion to Dismiss, pursuant to Criminal Rule 12(K), when the State was unable to show newly discovered evidence that it could not have discovered, without reasonable diligence, prior to the filing of its Rule 12(K) Notice of Appeal, which appeal affirmed the decision of the Trial Court.
 {¶ 4} "2. The Trial Court erred to the prejudice of the Defendant by failing to grant the Defendant's Motion to Dismiss for failure of the State of Ohio to timely prosecute the Defendant, pursuant to O.R.C. Section 2945.71 et. seq."
 {¶ 5} Appellant was indicted in January 2001, on one count of possession of a controlled substance in an amount exceeding 100 grams in violation of R.C. 2925.11(A). Later that year, appellant's friend Jeanett Horn invoked her right to counsel when police sought a statement from her. Later, however, Horn offered to give a statement and in August and September 2001, she participated in videotaped interviews with law enforcement officers. Horn's statements provided extensive facts about the circumstances leading up to appellant's indictment. Horn was subsequently indicted on related charges and then refused to testify at appellant's trial, asserting her Fifth Amendment right to remain silent. When the state sought to introduce one of Horn's unsworn video statements at appellant's trial in lieu of her testimony, appellant filed a motion in limine in which he asked the trial court to exclude the interviews from evidence. The trial court granted the motion, finding that because Horn was an accomplice her statements to police were presumptively unreliable pursuant to Lilly v. Virginia (1999), 527 U.S. 116, and State v. Madrigal (2000), 87 Ohio St.3d 378. The state appealed the trial court's ruling pursuant to R.C. 2945.67 and Crim.R. 12(K), certifying that the appeal was not taken for the purpose of delay and that the trial court's ruling on the motion in limine rendered the state's proof so weak that any reasonable possibility of effective prosecution was destroyed. The state argued on appeal that the trial court erred in excluding Horn's out of court statements when she was unavailable at the time of appellant's trial. While the state's appeal was pending, Horn was brought to trial, convicted and sentenced. On April 11, 2003, this court affirmed the judgment of the trial court, finding that Horn's statements were not admissible because the state failed to demonstrate that the statements carried a guarantee of trustworthiness sufficient to rebut the presumption of unreliability.
 {¶ 6} Immediately following this court's decision, appellant filed a motion to dismiss the indictment, asserting that the decision "rendered the state's proof so weak that any reasonable possibility of effective prosecution was destroyed." The trial court denied appellant's motion and set the matter for trial, finding that since Horn was no longer in jeopardy of criminal prosecution, she was newly available and could be compelled to testify. Although the trial court did not find that Horn's testimony could be considered newly discovered evidence, it nevertheless denied appellant's motion to dismiss and allowed the matter to proceed to trial.
 {¶ 7} The trial court's ruling on that motion is one of the two judgments from which appellant now appeals.
 {¶ 8} In support of his first assignment of error, appellant asserts, as he did in his motion to dismiss, that the case should have been dismissed as a matter of law pursuant to Crim.R. 12(K) because the state certified before it filed its notice of appeal that its proof was so weak without the Horn videotape that any reasonable possibility of effective prosecution was destroyed. Appellant adds that at the hearing on his motion to dismiss the state did not offer any newly discovered evidence.
 {¶ 9} Crim.R. 12(K) states that "[i]f an appeal pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discoveredevidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal." [Emphasis added.]
 {¶ 10} In order for the state to satisfy Crim.R. 12(K) after this court affirmed the trial court's granting of appellant's motion in limine as to the videotapes, it was required to present newly discovered evidence that it could not have discovered before its appeal. This court has reviewed the entire record of proceedings in the trial court, including the transcript from the April 24, 2003 hearing on the motion to dismiss, and we conclude that any argument by the state that Horn's testimony constitutes "newly discovered evidence" now that she has been convicted and can be compelled to testify has no merit. Having been tried and convicted for her role in the offenses with which appellant was charged, Horn and her testimony became newly available, which is not, however, synonymous with being newly discovered.
 {¶ 11} In State v. Petro (1947), 148 Ohio St. 505, the Supreme Court of Ohio held that "new evidence" is that which has been discovered since trial was held and could not in the exercise of due diligence have been discovered before that. While the issue arose in Petro after the defendant filed a motion for a new trial and not after a state appeal as in the case before us, Petro appears to be the closest Ohio courts have come to providing some guidance as to the meaning of "newly discovered evidence," essentially by reciting the language of Crim.R. 12(K). It is clear from the record that the content of Horn's statements was known to the state in 2001, and therefore could not have been "newly discovered" almost two years later. Accordingly, we find that the trial court erred by denying appellant's motion to dismiss filed on April 14, 2003, and his first assignment of error is well-taken.
 {¶ 12} Appellant's second assignment of error challenges the trial court's denial of his second motion to dismiss, in which he asserted that the state failed to bring him to trial within the time limit set forth in R.C. 2945.71. In light of our finding above that the trial court erred by failing to grant appellant's first motion to dismiss, we find his second assignment of error moot.
 {¶ 13} On consideration whereof, this court finds that substantial justice was not done the party complaining and the trial court's April 14, 2003 judgment denying appellant's motion to dismiss is hereby reversed. This matter is remanded to the trial court for further proceedings consistent with this decision. Costs of this appeal are assessed to appellee.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Singer, J., Concur.