JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Anthony McClain, appeals the judgment of the Hamilton County Court of Common Pleas denying his motion for a new trial. For the following reasons, we reverse the trial court's judgment and remand the cause for a new trial.
In 1995, McClain was charged with the murder of Philip White. After a jury trial, he was convicted of the offense and sentenced to a prison term of fifteen years to life, as well as to three years' incarceration for an accompanying firearm specification. This court affirmed the conviction on appeal, and the Supreme Court of Ohio declined to review the matter.[1]
McClain's family then hired a private investigator, Ronald Campbell, to canvass the neighborhood where the murder had occurred in an attempt to find exculpatory evidence. Campbell's search led him to the home of Maxine Mobley, who lived within a few houses of the murder scene. Campbell interviewed Mobley in March 1998.
Unbeknownst to Mobley, Campbell was making an audiotape of his conversation with her. Mobley informed the Campbell that she had heard shots on the night of the offense. She had immediately gone to her front porch, where she had seen a tall, thin, young white man with blond hair fleeing from the scene of the shooting. According to Mobley, the young man had entered a car and stated, "I shot that motherf____." There is no dispute that McClain, who is African-American, shared none of the physical traits of the man whom Mrs. Mobley had described.
For a prolonged period of time, McClain's attorney and his family attempted to convince Mobley to come forward with exculpatory evidence. In February 2002, McClain filed a motion for leave to file a motion for a new trial. At the hearing on the motion, McClain offered the testimony of Mobley. In her testimony at the hearing, Mobley recanted her March 1998 statement. She insisted that Campbell and his associate had badgered her into making the statement and had supplied her with the substance of the statement in an attempt to vindicate McClain.
Defense counsel confronted Mrs. Mobley with the audiotape that reflected that she had seemed eager to give a statement and had supplied information without any prompting from Campbell. Still, she was adamant that her prior statement was not true.
The trial court converted the motion for leave into a motion for a new trial without objection and denied the motion. In his first assignment of error, McClain now contends that the trial court erred in denying the motion for a new trial.
Pursuant to Crim.R. 33(A)(6), a motion for a new trial based on newly discovered evidence is to be granted only where the defendant demonstrates that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since trial, (3) could not in the exercise of due diligence have been discovered before trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.[2]
The decision to grant or deny a motion for a new trial under Crim.R. 33(A)(6) is within the discretion of the trial court and will not be reversed absent an abuse of discretion.[3] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the decision was unreasonable, arbitrary, or unconscionable.[4]
In the case at bar, we hold that the decision to deny the motion was unreasonable. McClain presented evidence that he had been unaware before trial that Mobley had witnessed the events and that he had required the services of a private investigator to find her and to procure her statement. Notes from the investigating police officers indicated that they had spoken to Mobley, but those notes were not provided to McClain until well after the trial. Accordingly, the evidence was newly discovered within the meaning of Crim.R. 33.
Moreover, the record indicated a strong possibility that the testimony of Mobley would change the result if a new trial were to be held. Although we held in the first appeal that the evidence was sufficient to convict McClain, we observed that the case was largely circumstantial and that the eyewitnesses had merely seen McClain with the victim around the time of the shooting.[5] There was no direct evidence that McClain had fired the shots.[6] We noted that circumstantial evidence was to be given the same weight as direct evidence,[7] but we certainly did not find the evidence against McClain to be overwhelming.
By contrast, Mobley's statement to Campbell indicated that she had been in an advantageous position to witness a white man fleeing from the scene and declaring that he had fired the shots that killed the victim. Such powerful testimony, especially with respect to the man's declaration, raised a distinct possibility that the result of a new trial would have been different.
Nonetheless, the state argues that Mobley's recantation of her March 1998 statement would render her testimony inconsequential in a new trial. We disagree. First, it is not clear that Mobley would continue to repudiate her prior statement if a new trial were ordered. Being confronted with her prior statement in the context of a jury trial might very well cause Mobley to concede that the prior statement was accurate. Also, even if she were to insist that her statement to Campbell was not true, McClain could attempt to present the statement to the jury as a prior inconsistent statement under Evid. R. 607.
Finally, the evidence that McClain produced did not merely contradict or impeach the evidence adduced at trial. As McClain notes, Mobley was an entirely new witness who indicated that the perpetrator could not have been McClain. Her statement goes to the heart of the only truly contested issue at the first trial, the identification of the assailant. Under these circumstances, we hold that the trial court erred in denying the motion for a new trial. The first assignment of error is sustained.
In the second assignment of error, McClain argues that the state violated his right to a fair trial by failing to inform him of exculpatory evidence. Specifically, he argues that the police should have revealed notes indicating that Mobley had heard shots on the night of the crime.
Given our holding that McClain is entitled to a new trial, this assignment of error is moot. McClain is now aware of the potentially exculpatory evidence and may use it at the new trial. We note only that McClain has not alleged any bad faith or wrongdoing on the part of the state, and we find none reflected in the record. We decline to address the assignment on its merits.
The judgment of the trial court is reversed, and the cause is remanded for a new trial.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] State v. McClain (Aug. 28, 1996), 1st Dist No. C-950859, jurisdictional motion overruled (1997), 77 Ohio St.3d 1515,674 N.E.2d 370.
[2] State v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus.
[3] State v. Campa, 1st Dist. No. C-010254, 2002-Ohio-1932.
[4] State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E. 2d 144.
[5] Id.
[6] Id.
[7] Id., citing State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph one of the syllabus.