{¶ 31} I would reverse the decision of the trial court granting a new trial to the Defendant as he has not proven that the evidence he discovered could not have been discovered prior to trial. As the majority mentioned, before a trial court may grant a defendant a new trial on the ground of newly discovered evidence, the defendant must show that the evidence:
"(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." State v. King (1989),63 Ohio App.3d 183, 191, citing State v. Petro (1947),148 Ohio St. 505, 36 O.O. 165, 76 N.E.2d 370, at the syllabus.
 {¶ 32} In the case at hand, I believe that the `newly' discovered evidence that Defendant maintains entitles him to a new trial was present before trial and could have been discovered prior to trial. Detective Caprez, in his reports, clearly described what the defense should have realized was stippling on Defendant's right hand. Petro, supra, requires that the Defendant prove that the evidence of stippling "could not in the exercise of due diligence have been discovered before trial." Id. Had Defendant's trial counsel and experts exercised due diligence when they read the Caprez reports, they would have been alerted to the fact that stippling may have been present on Defendant's right hand and, at that point, they could have, and should have, conducted a detailed investigation. They did not do so. Nor has any valid reason as to why they did not conduct a pre-trial investigation based on the reports been advanced.
 {¶ 33} For the above reasons, I would reverse the decision of the lower court.