[Cite as *State v. Padgett*, 2011-Ohio-4547.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                          :

                                          C.A. CASE NO. 24345

v.                                                :

                                         :         T.C. NO. 10 CR 1531

JUSTIN L. PADGETT                                :        (Criminal appeal from
                                                          Common Pleas Court)

    Defendant-Appellant                         :

                                                  :
· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___9th___ day of ___September___, 2011.

· · · · · · · · · ·

LAURA M. WOODRUFF, Atty. Reg. No. 0084161, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CANDI S. RAMBO, Atty. Reg. No. 0076627, 15 W. Fourth Street, Suite 100, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1} Justin Padgett was found guilty by a jury of Receiving Stolen Property valued at more than $500; he was sentenced to twelve months of imprisonment and ordered to pay restitution in the amount of $541.73. Padgett appeals from his conviction, arguing that he received ineffective assistance of counsel "post-trial" because his attorney did not file a motion for new trial.

{¶ 2} On May 5, 2010, Jeff Heckart reported to the police that the wheels, rims, and tires of his Chevy Malibu had been stolen during the previous night, while the car was parked in his driveway. Heckart took the car to a dealership for repairs, and the dealership contacted the Wheel Warehouse in Kettering to obtain new rims and tires for the car. The Wheel Warehouse told the dealership that wheels and rims that were an exact match for Heckart's vehicle had just come into the store. The Wheel Warehouse contacted the Kettering Police Department about this coincidence. Employees of the Wheel Warehouse provided the police with descriptions of the individuals who sold the tires to the Wheel Warehouse and of their vehicle, a white, early-model Chevy Blazer in poor condition.

{¶ 3} The next day, the Wheel Warehouse contacted the police again to report that the men who had sold the Malibu rims and tires had returned to the store. The officer who responded saw a white Blazer matching the description that had been provided the previous day, and he stopped the vehicle. Frank Shadd, Justin Padgett, and Dwayne Heflin were inside the Blazer, along with a hydraulic floor jack, gloves, a lug wrench, and a flash light.

{¶ 4} All three men were indicted for Receiving Stolen Property. Shadd was also indicted for theft from an elderly person in excess of $5,000, related to a different incident. Shadd pled guilty to the theft offense, in exchange for which the receiving stolen property charge was dismissed, and he received community control sanctions. Heflin pled no contest

to receiving stolen property, and he was also sentenced to community control.[1]

{¶ 5} Padgett was tried by a jury, and Shadd testified against Padgett.[2] Heflin appeared on the witness lists of both the State and Padgett, and he was subpoenaed, but he was unavailable at trial.[3] Padgett was found guilty and sentenced as described above.

{¶ 6} Padgett raises one assignment of error on appeal, claiming that "he received ineffective assistance of counsel post-trial, in violation of [his] Sixth and Fourteenth Amendment rights, as well as his rights under Section 10, Article 1, Ohio Constitution." He contends that trial counsel should have filed a motion for a new trial, pursuant to Crim.R. 33(A), when Dwayne Heflin became "available and willing to testify as a rebuttal witness to Frank Shadd's testimony."

{¶ 7} We review alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland,* 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. Id.

{¶ 8} Padgett relies on Criminal Rule 33(A)(6), which provides:

---

[1] The dispositions of Shadd's and Heflin's case are not contained in the record before us, but these dispositions are a matter of public record and are not disputed by the parties.

[2] According to Shadd's trial testimony, his plea agreement did not require him to testify.

[3] No specific explanation of Heflin's unavailability is contained in the record, but it appears that his whereabouts were unknown at the time of Padgett's trial.

{¶ 9} "(A) A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

{¶ 10} "****

{¶ 11} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."

{¶ 12} "To warrant the granting of a motion for new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *State v. Petro* (1947), 148 Ohio St. 505, syllabus. Since the granting or denying of a motion for a new trial based on newly discovered evidence is within the sound discretion of the trial court, this court will not reverse absent an abuse of discretion. *State v. Schiebel* (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151; *Blakemore v. Blakemore* (1983), 50 Ohio St.3d 217, 219.

{¶ 13} Padgett does not provide any support for his claim that Heflin became available to testify after the trial, was willing to testify, or that his testimony would have helped Padgett. He has not produced an affidavit from Heflin — the source of the "newly discovered evidence" — as required by Crim.R. 33(A)(6). Thus, even assuming that Heflin became available and was willing to testify sometime after Padgett's conviction, Padgett has presented no evidence regarding the content of that testimony. Without such an affidavit by Heflin, we cannot

conclude that there was a "strong probability" that Heflin's testimony would have changed the outcome of Padgett's trial, if offered. Nor can we conclude that Heflin's testimony was not merely cumulative, or that it did not "merely impeach or contradict the former evidence." *Petro*, supra. Padgett also does not identify *when* Heflin became available to testify, which would be relevant to determining whether trial counsel had any continuing obligation to Padgett at that time. (Padgett is represented by a different attorney on appeal.)

{¶ 14} We cannot conclude that counsel acted unreasonably when he failed to file a motion for new trial or that Padgett was prejudiced by counsel's failure to file a motion for a new trial.

{¶ 15} The assignment of error is overruled.

{¶ 16} The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Laura M. Woodruff
Candi S. Rambo
Hon. Mary Katherine Huffman