[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} These consolidated appeals are considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Alexander Gonzalez appeals the judgment of the trial court denying him leave to file a motion for a new trial and its judgment denying his petition for postconviction relief. For the following reasons, we affirm the judgments entered below.
 {¶ 3} In his postconviction petition and in his motion for leave to file a motion for a new trial, Gonzalez alleged that the prosecution had induced the incriminating trial testimony of the principal witness against him by ensuring that the witness received an "illegal" sentence upon his conviction for a related offense and by promising the witness an "illegal" reduction of that sentence after Gonzalez was convicted. Gonzalez offered in support of these allegations a copy of the judgment of conviction entered against the witness; copies of the witness's motion requesting, and of the trial court's entry granting, a reduction in the sentence; and audiotapes of statements that the witness and his counsel had made to law enforcement officials before Gonzalez's trial, which reflected their understanding that the witness's sentence of confinement might be reduced if he testified against Gonzalez at trial.
 {¶ 4} We overrule Gonzalez's first assignment of error, in which he challenges the trial court's denial of his motion for leave to file a motion for a new trial on the ground of newly discovered evidence. The trial court properly denied the motion for leave to the extent that it was predicated upon the allegation that the witness's testimony was improperly induced by an "illegal" sentence. The judgment of conviction entered against the witness was placed of record well before Gonzalez's trial. Therefore, Gonzalez cannot be said to have been unavoidably prevented from discovering this evidence within the time prescribed by Crim.R. 33(B). But the court erred in denying leave upon the allegation that the witness's testimony was improperly induced by the promise of an "illegal" reduction in the sentence. The court did not grant the reduction in the witness's sentence until four months after Gonzalez's conviction, and the prosecution did not disclose, and defense counsel did not learn of, the pretrial statements of the witness and his counsel until after the sentence had been reduced. Thus, Gonzalez sustained his burden of proving by clear and convincing evidence that he had been unavoidably prevented from discovering this new evidence within the prescribed time. See Crim.R. 33(B).
 {¶ 5} But we cannot say that Gonzalez was prejudiced. The newly discovered evidence was not probative of Gonzalez's guilt or innocence of the charged offenses. Its value lay in its tendency to impeach the credibility of the state's chief witness. And defense counsel at trial did, in fact, cross-examine the witness concerning a prospective sentence reduction. Therefore, even if Gonzalez had been granted leave to file a motion for a new trial, the new-trial motion would have been subject to denial, when the new evidence was cumulative of, and "merely impeach[ed]," evidence adduced at trial. See State v. Petro (1947),148 Ohio 505, 76 N.E.2d 370, syllabus.
 {¶ 6} We overrule Gonzalez's second assignment of error upon our determination that the trial court properly denied Gonzalez's postconviction petition. See R.C. 2953.21. The trial court properly dismissed Gonzalez's postconviction challenge to the prosecution's failure to disclose in discovery the statements of the prosecution witness and his counsel. Gonzalez could not be said to have been denied a fair trial by the failure to disclose the statements, when the statements were not "material" in that they could not "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles v. Whitley (1995), 514 U.S. 419, 434-436,115 S.Ct. 1555. And the remaining claims were subject to dismissal under the doctrine of res judicata, when they presented matters that either were or could have been raised on direct appeal from Gonzalez's convictions. SeeState v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 7} Therefore, we affirm the judgment of the trial court.
 {¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.