[Cite as *State v. Sanders*, 2024-Ohio-1026.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230393 |
| | | TRIAL NOS. B-1300037 |
| Plaintiff-Appellee, | : | B-1305979 |
| vs. | : | |
| | | *O P I N I O N.* |
| DEANGELO SANDERS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed

Date of Judgment Entry on Appeal: March 20, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Deangelo Sanders,* pro  se.

CROUSE, Judge.

{¶1} Defendant-appellant Deangelo Sanders appeals the judgments of the Hamilton County Court of Common Pleas denying his motion for a new trial and dismissing his "Successive Motion to Vacate or Set Aside the Judgment of Conviction and/or Sentence." For the following reasons, we affirm the lower court's judgments.

## Factual and Procedural History

{¶2} In 2014, Sanders was convicted upon jury verdicts of two counts of aggravated murder in violation of R.C. 2903.01(B), with accompanying firearm specifications, two counts of aggravated robbery, and having a weapon while under a disability. The trial court imposed an aggregate sentence of 77 years to life in prison. At trial, Sanders, through counsel, acknowledged that he and his codefendant had planned to sell drugs to the two victims, but maintained that he had come to the drug deal unarmed and that his codefendant had unexpectedly and without Sanders's knowledge decided to kill the victims when the victims resisted the robbery. On direct appeal, we affirmed Sanders's convictions and sentence. *State v. Sanders*, 1st Dist. Hamilton Nos. C-140579 and C-140580, 2015-Ohio-5232, *delayed appeal not allowed*, 146 Ohio St.3d 1413, 2016-Ohio-3390, 51 N.E.3d 658.

{¶3} On February 21, 2023, Sanders filed both a delayed motion for a new trial (after the common pleas court had granted him leave to do so) and a "successive motion to vacate judgment of conviction and/or sentence." In his motion for a new trial, Sanders argued that he is entitled to a new trial based on an error of law, *see* Crim.R. 33(A)(1), and an irregularity in the trial proceedings, *see* Crim.R. 33(A)(4). Under these two grounds, Sanders asserts that his "Sixth Amendment right to a jury trial was violated when he was sentenced by a single judge on a capital offense." (Notably, the record demonstrates that the aggravated-murder charges did not include a death-penalty specification.) Next, Sanders contends he is entitled to a new trial based on newly discovered evidence. *See* Crim.R. 33(A). Under this ground, Sanders

claims that he recently obtained the affidavit of Gracie Gallagher, which he asserts "presents information that [Sanders] may not have been involved in the murders." Gallagher's affidavit is not in the record, nor was it attached to the delayed motion for a new trial.

{¶4} In his motion to vacate, Sanders cites R.C. 2953.21, Ohio's postconviction statute, and presents three grounds for relief. He claims that his trial counsel was ineffective for (1) failing to object to a judge, instead of a jury, imposing his sentence when he had been charged with a capital offense; (2) failing to object to the admission of a police officer's hearsay testimony; and (3) failing to investigate and interview Gracie Gallagher, a potential alibi witness who had information on whether Sanders participated in the charged offenses. With respect to the third ground, Sanders claims that Gallagher's affidavit, which she executed in September 2022, demonstrates that he could not have participated in the robbery and murder of the two victims. Sanders did not attach the affidavit to his motion to vacate but summarized the testimony in the affidavit as follows: Gallagher had been talking on the phone with Sanders at the time of the robbery and murders, and shortly after their conversation ended, Gallagher starting hearing talk of the murders from others. One week later, Sanders's codefendant approached Gallagher and Sanders in the hallway of Gallagher's apartment building and confessed that he had killed the two victims and that he had been alone when doing so. Gallagher approached Sanders's trial counsel with information about the crimes, but she was not called as witness during Sanders's trial.

{¶5} In June 2023, the common pleas court summarily denied Sanders's motion for a new trial and dismissed Sanders's motion to vacate. Sanders now appeals, bringing forth five assignments of error.

**New-Trial Motion Lacks Merit**

{¶6}     Sanders argues under his first assignment of error that he was denied due process when the common pleas court denied his new-trial motion without issuing findings of fact and conclusions of law.  We overrule this assignment of error.  A trial court has "no duty to issue findings of fact and conclusions of law when [it] denies a Crim.R. 33 motion for a new trial."  *State ex rel. Collins v. Pokorny*, 86 Ohio St.3d 70, 711 N.E.2d 683 (1999), citing *State v. Girts*, 121 Ohio App.3d 539, 565, 700 N.E.2d 395 (8th Dist.1997).

{¶7}     In his second assignment of error, Sanders contends that the common pleas court abused its discretion by denying his motion for a new trial without first conducting a "full hearing."  Under this assignment, Sanders only argues that the court abused its discretion in denying his motion for a new trial based on the newly discovered evidence of Gallagher's affidavit.

{¶8}     A motion for a new trial is warranted where the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.

{¶9}     We review the denial of motion for a new trial for an abuse of discretion. *State v. Finnell*, 1st Dist. Hamilton Nos. C-220440 and C-220441, 2023-Ohio-2563, ¶ 14, citing *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus.  Although Crim.R. 33(A) contemplates a hearing, it does not mandate an evidentiary hearing on a motion for a new trial.  *State v. Hill*, 1st Dist. Hamilton No. C-180114, 2019-Ohio-365, ¶ 69.  A trial court is not required to hold an evidentiary hearing where the trial record demonstrates that the new-trial motion lacks merit.  *Id.* at ¶ 70.

{¶10} Here, the record before the common pleas court demonstrated that Sanders's new-trial motion lacked merit. Sanders argues Gallagher's affidavit testimony demonstrates that he did not participate in the charged offenses because her testimony about their telephone call, which allegedly took place while the crimes were occurring, reflects a "normal" conversation. He contends that if he had participated in the crimes Gallagher would have overheard Sanders talking to the victims and the gunshots. But, as noted above, Gallagher's affidavit is not in the record. Even it was and Gallagher had attested as Sanders claims, her testimony does not demonstrate a strong probability of a different result if a new trial is granted and merely contradicts the evidence presented at trial considering Sanders's admission at trial that he was with his codefendant at the time of the crimes.

{¶11} Because the new-trial motion lacked merit, the common pleas court did not abuse its discretion in denying the motion for a new trial without an evidentiary hearing. Sanders's second assignment of error is overruled.

## No Jurisdiction to Consider Petition

{¶12} Sanders's third, fourth, and fifth assignments of error can be read together to challenge the dismissal of his motion to vacate his conviction and sentence. As Sanders cited to Ohio's postconviction statute in his motion, the common pleas court reviewed his motion as a petition for postconviction relief under R.C. 2953.21 et seq. Sanders does not dispute that his petition was successive and untimely under R.C. 2953.21(A) but maintains that the common pleas court had subject-matter jurisdiction to consider his petition under R.C. 2953.23. We disagree.

{¶13} A trial court may not entertain an untimely or successive postconviction petition unless the petitioner initially demonstrates either (1) he was unavoidably prevented from discovering the facts upon which his postconviction claims depend or (2) the United State Supreme Court recognized a new federal or state right that applies retroactively to a person in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the

5

petitioner can satisfy one of those two conditions, he must then also demonstrate that but for constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b). We review de novo whether the common pleas court had jurisdiction to entertain Sanders's petition. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 36.

{¶14} Here, Sanders argues that he was unavoidably prevented from discovering the facts upon which his postconviction claims depend. With respect to his first two claims that his trial counsel was ineffective for failing to object to the nature of the sentencing hearing and the admission of hearsay testimony at trial, he argues that he did not discover the facts underlying those two claims until he recently received a copy of his trial transcripts. (He states that his appellate counsel failed to forward the complete transcripts to him in a timely fashion.) But Sanders did not need the trial transcripts to discover the fact that his trial counsel had failed to object because Sanders was present at his trial and the sentencing hearing and was able to see and hear his trial counsel's actions. With respect to his third claim of ineffective assistance of counsel based on trial counsel's failure to investigate and interview Gracie Gallagher, Sanders argues that he was unaware of the facts set forth in Gallagher's affidavit until she had reached out to his family in August of 2022 and signed her affidavit in September of 2022. But according to Sanders's summary of the testimony contained in Gallagher's affidavit, he was a participant in the telephone conversation with Gallagher at the time the crimes were being committed and he allegedly was with her when his codefendant approached them in the hallway of Gallagher's apartment building and confessed to committing the crimes on his own. Thus, Sanders was aware prior to trial of the facts underlying his third postconviction claim.

{¶15} Because Sanders has not demonstrated that he had been unavoidably prevented from discovering the facts upon which his postconviction claims depend

6

and does not argue that his claims are based on a new right recognized by the United States Supreme Court, Sanders has not met the jurisdictional requirements of R.C. 2953.23. Accordingly, we hold that the common pleas court did not have subject-matter jurisdiction to entertain the merits of Sanders's postconviction petition and properly dismissed it. The third, fourth, and fifth assignments of error are overruled.

**{¶16}** Based on the foregoing, the common pleas court's judgments denying Sanders's motion for a new trial and dismissing his petition for postconviction relief are affirmed.

Judgments affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.